* THE STATE OF KANSAS, *ex rel.* A. A. GODARD, as Attorney-general, etc., *Appellee,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

No. 11,145.

HEADNOTE BY THE REPORTER.

INJUNCTION—*Effect of Change in Law—Case Dismissed.* An appeal from a decree enjoining violation of an order of the board of railroad commissioners will be dismissed where the law under which the order is made has been repealed and the board of railroad commissioners no longer exists.

Appeal from Lyon district court. Opinion filed April 8, 1899. Dismissed.

*B. P. Waggener, Albert H. Horton,* and *James W. Orr,* all of Atchison, for the appellant.

*A. A. Godard,* attorney-general, *Joseph G. Waters,* and *John C. Waters,* both of Topeka, for the appellee.

*Per Curiam:* This case involves the validity and effect of an order made by the board of railroad commissioners in April, 1896, in regard to rates for transporting live stock, and it was confirmed by another order in August, 1897. An injunction against the violation of the order for the change of the rate was granted, and a review of that ruling is sought.

The law under which the order was made has been repealed, and the board of railroad commissioners which made it no longer exists. (Laws 1898, ch. 29.) The act repealing the law and abolishing the board effectually abrogates the rules and orders of the board, including the one which was in controversy. There is, therefore, nothing of a substantial nature left for decision, and the court would not be warranted in giv-

---

* NOTE.—This case was not officially reported (60 Kan. 858, 56 Pac. 755) when the opinion was filed, and is reported here because it is cited in the case of *Anderson v. Cloud County,* ante, p. 15.

ing its attention to mere moot questions. (*The State,
ex rel., v. Board of Health,* 58 Kan. 817, *ante,* p. 18; 51
Pac. 1101.)    As was remarked in *Hurd v. Beck,* 57
Kan. 911, 88 Kan. 11; 45 Pac. 92:

"The time of this court ought not to be occupied by
the consideration of abstract questions of law, however
important and interesting they may be."    (p. 12.)

The abrogation of the order leaves nothing for trial
in the district court and in effect it abates the injunc-
tion that was allowed.    The proceeding will be dis-
missed.

