Teterick v. Parsons.

---

* W. C. TETERICK, *Appellee,* v. F. A. PARSONS, *Appellant.*

No. 12,133.

HEADNOTE BY THE REPORTER.

MANDAMUS—*Unnecessary Because Ineffectual.* Where, pending an appeal from an order granting mandamus directing the transfer of bank stock, a receiver is appointed for the bank, and is discharged after showing a disposition of all the assets, the appeal will be dismissed on the ground that the order has become incapable of enforcement.

Appeal from Kingman district court. Opinion filed May 11, 1901. Dismissed.

*R. L. Holmes, Thomas B. Wall,* both of Wichita, and *Edmund G. Vaughn,* of Kansas City, Mo., for the appellant.

*W. C. Teterick,* of Blackwell, Okla., *O. H. Bentley,* and *Rodolph Hatfield,* both of Wichita, for the appellee.

NOTE.—This case was not officially reported (63 Kan. 879, 64 Pac. 1028) when the opinion was filed, and is reported here because it is cited in the case of *Anderson v. Cloud County, ante,* p. 15.

*Per Curiam:* This is a proceeding in mandamus originally commenced in the district court to compel the transfer of twenty shares of the capital stock of The Farmers & Drovers Bank of Kingman, Kansas, on the books of that corporation. This proceeding was commenced on the 11th day of March, 1893. After the making of various orders upon issues joined, certain facts were submitted to and found by a jury in favor of the plaintiff below, and upon such finding a peremptory order was granted directing the transfer of the stock to plaintiff. Upon a transcript of the record proceeding in error was prosecuted to the court of appeals, and remained there pending and undetermined at the expiration of the life of that court. The same is now before this court for determination.

As shown by evidence aside from the record and as conceded in the briefs of counsel, since the making of the order complained of, during the pendency of proceeding in error in the court of appeals, the Farmers & Drovers' Bank being insolvent, a receiver was appointed, by order of the circuit court of the United States for the district of Kansas, second division, to wind up the affairs of the bank. On the 24th day of June, 1895, upon report filed by such receiver showing a disposition of all the assets of the bank, the receiver was, by order of that court, discharged. The defendant in error has filed his motion to dismiss this proceeding in error upon the ground that the affairs of the bank have been fully settled, its officers have by reason thereof ceased to exist, and should this court affirm the order made below a compliance with such order has become impossible of performance.

It has been many times held that if during the pendency of an appeal the order of mandamus appealed from is obeyed, or if an order has been applied for and denied and an appeal perfected therefrom, and during its pendency the order if made has become

impossible of performance, the appeal will be dismissed. (*Ellis v. Whitaker,* 62 Kan. 582, 64 Pac. 62; *Leet v. Kern County,* 115 Cal. XVII, 47 Pac. 595; *San Diego S. D. v. Supervisors,* 97 Cal. 438, 32 Pac. 517; *State, ex rel., Romian v. Board of Supervisors,* 49 La. Ann. 578, 21 South. 731; *The People v. Squire,* 110 N. Y. 666, 18 N. E. 362; *State v. McHatton,* 10 Mont. 369, 25 Pac. 1045; *Bardsley v. Sternberg,* 17 Wash. 243, 49 Pac. 499.) In principle the case at bar can not be distinguished. It is clear the order made from which this proceeding in error is prosecuted is now by reason of subsequent events incapable of enforcement. The command of this court to carry the same into effect would be nugatory. In volume 13 of the Encyclopedia of Pleading & Practice, it is said:

"In a number of states the courts hold that where the mandamus is obeyed pending the appeal, or where the acts sought to be compelled have become impossible, or in any other way the question involved in the proceedings have become immaterial, the appeal will be dismissed." (p. 832.)

While a reversal of the order made in this case might relieve the plaintiff in error from the effect of his refusal to comply therewith, yet should the order be affirmed performance can not now be enforced, and the inability to carry the order into effect if affirmed arises from no act of defendant in error but from the acts of the corporation represented by plaintiff in error.

It is also alleged in the motion for dismissal that the transcript of the record is incomplete and the certificate of the clerk thereto insufficient. An examination of the record shows matters by statute made a part of the record omitted therefrom. It follows that the motion to dismiss the proceeding in error must be sustained.

It is so ordered, all the justices sitting concurring. Doster, C. J., Smith, Ellis, and Pollock, JJ.