JENNIE S. GORDON, *Appellee,* v. LILLIE GORDON MUNN *et al., Appellants.*

No. 16,585.

SYLLABUS BY THE COURT.

1. COSTS — *Transcript of the Evidence.* The code of 1909 (§§ 574, 576) makes the district court the custodian of the record and authorizes the court or judge to amend and correct, the transcript of the evidence before the same is filed and made a part of the record. In order to recover costs advanced for the transcript the party ordering it must perfect his appeal. After the appeal is perfected, this is the only court authorized to direct which party shall pay the costs of the transcript.

Gordon v. Munn.

2. ——— *Appeal—Discretion of the Court.* While the code of 1909 (§ 583) leaves the taxation of costs of appeal in the discretion of the supreme court, such costs as a rule follow the judgment and will be taxed to the losing party, subject to the right of the court to direct otherwise where it appears for any reason that costs should be apportioned between the parties.

Appeal from Shawnee district court. Opinion filed January 7, 1911. Motion to retax costs denied.

*James A. Troutman, Robert Stone, D. R. Hite, D. W. Mulvane,* and *C. E. Gault,* for the appellants.

*S. H. Allen, Allen & Allen, J. B. Larimer,* and *A. E. Crane,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: After the judgment in this case was reversed (*ante,* p. 242) the appellee filed certain objections to the allowance of costs taxed against her. On the hearing of the motion to retax, it was claimed that it would be inequitable to tax the costs at this time against the appellee, and that by the provisions of the new code the allowance of costs of appeal rests entirely within the discretion of this court. The provision of the old code (Civ. Code, § 562, Gen. Stat. 1901, § 5048), was as follows:

"When a judgment or final order is reversed, the plaintiff in error shall recover his costs, including the costs of the transcript of the proceedings or case-made filed with the petition in error; and when reversed in part and affirmed in part, costs shall be equally divided between the parties."

The provision of the new code (Code 1909, § 583), is as follows:

"The costs of appeal shall be taxed against such party or parties as the court shall direct."

While the new code leaves the taxing of costs in the discretion of the court, it is hardly to be supposed that in an ordinary case the court would direct the costs to

be paid by the prevailing party. The intention evidently was to do away with the arbitrary rule under the old code requiring the losing party to pay all the costs in every case where the judgment was reversed, and that in cases where the judgment was reversed in part and affirmed in part the costs should be equally divided between the parties. In all cases the court is now permitted to apportion the costs as equity and justice require. As a rule the costs will follow the judgment and will be taxed against the losing party, subject to the right of the court to direct otherwise where it appears for any reason that the costs should be apportioned between the parties. There is nothing peculiar about this case which takes it out of the ordinary rule providing that the costs shall be paid by the losing party.

The principal contention of the appellee arises over the item of $127.50, being the cost of the transcript of the evidence, for which the receipt of the stenographer of the district court was filed showing its payment by the appellants. It is urged that this is not an item of costs of appeal, but of costs in making the record in the district court, and therefore not taxable as costs here. It is said that there is no provision under the code of 1909 for a transcript of the record or case-made, and that, therefore, section 2404 of the General Statutes of 1909 (Laws 1899, ch. 141, § 18), providing that the party paying for a transcript or case-made may by attaching thereto the receipt of the official stenographer for the amount paid have the same taxed as costs in this court, is no longer of any force. It is true there is no provision under the new code for a transcript of the record or for a case-made, but there is a provision for a transcript of the evidence. Section 574 of the code of 1909 reads:

"Either party to any case tried in a court of record having an official stenographer may direct such stenographer to transcribe and certify to the correctness of all of the stenographer's notes of the testimony and pro-

Gordon v. Munn.

ceedings in the case or any such part as such party may designate, and such transcript shall be made, certified and filed with the clerk of such court on payment to such stenographer by the party ordering the same of the costs of such transcript, and such transcript shall thereupon become a part of the record in the case, subject to amendment and correction by the trial court or judge."

The code of 1909 then provides:

"In case of a challenge of the correctness of any part of an abstract, the court or any justice thereof may direct that all or any designated part of the original files, transcript of evidence, or other papers in the case, or copies of journal entries, or of other records of the said court, be forwarded by the clerk having custody thereof to the clerk of the supreme court, and the costs incident to the determination of any question as to the correctness of any abstract shall be taxed against the party in the wrong by order of the supreme court." (§ 576.)

These provisions make the district court the custodian of the record. The court or judge is authorized to amend and correct the transcript of the evidence before the same is filed and made a part of the record, and the costs of making such transcript must be paid by the party ordering the same before it is filed and becomes a part of the record. The only purpose of the transcript, however, is to preserve the evidence as part of the record for use in this court. The record itself may never be seen by this court, but the abstracts for the use of the court are to be made from it. In order to recover costs advanced for the transcript of the evidence the party procuring it must perfect his appeal. After an appeal has been perfected, this is the only court authorized to direct which party shall pay the costs of the transcript. As a general rule this as well as the other costs will follow the judgment, subject to the right of the court, for sufficient reasons, to direct otherwise.

The motion is denied.