No. 18,611.

EUGENE BAUMAN, *Appellant*, v. U. G. MASON et al. (U. G. MASON, *Appellee*).

HEADNOTE BY THE REPORTER.

SUPREME COURT — *Not a Moot Court* — *Case Dismissed*. The supreme court will not entertain an appeal solely for the purpose of deciding a mooted question of law or fact.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed March 7, 1914. Dismissed.

*I. O. Pickering*, of Olathe, *Jay L. Oldham*, and *R. R. Brewster*, both of Kansas City, Mo., for the appellant.

*C. L. Randall*, of Olathe, *Wm. T. Jamison*, *J. G. Hutchinson*, *M. J. Ostergard*, and *E. E. Hairgrove*, all of Kansas City, Mo., for the appellee.

*Per Curiam:* U. G. Mason and W. L. Johnston were partners in the live-stock business. To facilitate the enterprise they leased a farm in Johnson county, which Mason conducted while Johnston operated at the Kansas City stockyards. They acquired considerable property, including some cattle which were kept on the farm and which were mortgaged to secure the purchase price. Dissensions arose between the partners, and Johnston commenced an action against Mason for an accounting and for dissolution. An order was issued restraining Mason from disposing of the partnership property, which was set aside on December 11, 1911. After the restraining order was set aside, but on the same day, Johnston undertook to make a sale of all the partnership property to Eugene Bauman. Mason refused to surrender possession, and Bauman brought an action of replevin to enforce his demand. A writ was duly issued under which Bauman secured the property, including the cattle referred to, which he sold. Out of the proceeds of the sale he discharged the chattel mortgages. On the trial of the replevin action Mason recovered judgment for the value of all the property obtained by Bauman in the sum of $7470.75. Bauman appeals and assigns various errors.

In his brief and at the hearing in this court Mason called attention to facts occurring subsequent to the rendition of the judgment, which led the court to question the right of the appellant to be heard. Time was given each of the parties to make a showing, with the following result:

Bauman was made a party to the accounting suit between Johnston and Mason, filed an answer, and participated in the proceedings. The court found that the judgment in the replevin suit was not the property of Mason, but was the property of the partnership and was obtained by Mason for its benefit. From the face of the judgment the court deducted the sums paid by

Baisdrenghien v. Railway Co.

Bauman to discharge the chattel mortgages on the cattle, in the sum of $2962.08, and the balance only, in the sum of $4695.44, was treated as assets of the partnership.   On a statement of the partnership accounts it appeared that a certain firm obligation for $1250 should be paid by Johnston and Bauman, and that when this payment should be made Mason would be entitled to the sum of $871.48 as his share of the partnership assets.   Judgment was rendered in Mason's favor against Bauman for this sum, and against Bauman on the obligation referred to.   It was then provided that on compliance with these orders the judgment in the replevin case should be satisfied in full.   The parties have all acquiesced in this result of the accounting suit.

The judgment appealed from now has no other effect than that given it in the accounting case, and if it were reversed, and if Bauman should ultimately recover, he would be confronted by the judgment in the accounting case, which has become final.   Consequently the propriety of the judgment appealed from is no longer a matter of consequence.   It has been established by a long line of decisions that the court will not hear appeals for the decision of purely moot questions.

The appeal is dismissed.