No. 22,929.

JOHN S. BEATY, *Appellee,* v. J. P. DOUGHTY et al., *Appellants.*

SYLLABUS BY THE COURT.

INJUNCTION—*Issue Becoming Moot—Case Dismissed—Taxation of Costs.*
The appeal is dismissed as having become moot through a change of
conditions since the judgment appealed from was rendered, but the
costs are taxed to the plaintiff, who prevailed below, because of the
vexatious character of the litigation instituted by him.

Appeal from Elk district court; ALLISON T. AYRES, judge.
Opinion filed March 12, 1921. Dismissed.

*Thomas E. Wagstaff,* of Independence, for the appellants.
*A. F. Sims,* of Howard, for the appellee.

The opinion of the court was delivered by

MASON, J.: John S. Beaty was one of a number of persons
owning a rural telephone line which connected with the cen-
tral at Piedmont. Each of them paid a service fee amounting
to 33⅓ cents a month as a switchboard charge. In the latter
part of 1917, and especially during December of that year,
Beaty complained that the service was very poor and threat-
ened to refuse payment unless the trouble should be remedied.
In January, 1918, the service became in his judgment so bad
that he refused to pay his 33⅓ cents for that month. He had
already paid up to and including December and offered to pay
from the first of February. Because of his continued refusal
to make the payment for January he was cut off from the con-
nection and a portion of his line was removed by the action of
his associates. He brought suit for a mandatory injunction to
require the reëstablishment of his connection and obtained a
judgment from which this appeal is taken.

The plaintiff has made a showing in this court that since the
appeal was taken he has sold the property which the line
served and moved out of the neighborhood. Upon the ground
that the proceeding has therefore become moot he has filed a
motion for the dismissal of the appeal. In this situation a de-
cision on the merits could accomplish no practical purpose. If
the judgment has not been executed there is no purpose in now

ordering its enforcement. If it has been performed there is no occasion for undoing what has been done. A dismissal is clearly indicated. (*Bauman v. Mason,* 91 Kan. 728, 139 Pac. 406.) Irrespective of the disposition of the case, however, this court has full discretion in the taxing of the costs of the appeal (Gen. Stat. 1915, § 7487), including the expense of the transcript. (*Gordon v. Munn,* 83 Kan. 642, 112 Pac. 615.) The suit appears to have been brought rather on account of personal ill feeling than because of the controversy over the payment of thirty odd cents, or for the settlement of an important principle. At its best it was an unneighborly proceeding in the attempted vindication of a technical right. Because of these considerations, while the appeal is dismissed, the costs will be taxed to the plaintiff.