No. 27,573.

H. L. CLAIBORNE, *Appellee,* v. THE AMERICAN TITLE AND TRUST COM-
PANY, *Appellee;* ROY L. BONE, as Bank Commissioner, etc.,
Intervener, *Appellant.*

(264 Pac. 742.)

SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Dismissal for Want of Actual Controversy—Questions Per-
taining to Appointment of Receiver Presented After Final Discharge.* Where
a receiver for a trust company is appointed at the suit of one of its stock-
holders, and immediately after the appointment of such receiver the bank
commissioner intervenes and requests that the receiver be discharged and
that the assets of the company be turned over to the bank commissioner or
to a receiver appointed by him, which request is denied, from which ruling
the bank commissioner immediately appeals, and the receiver appointed by
the court continues his operations, collects the assets, distributes the funds,
files his report, and is discharged by the court before the appeal is heard, the
appeal will be dismissed.

Appeal from Wyandotte district court, division No. 4; CHARLES A. MILLER,
judge. Opinion filed March 10, 1928. Appeal dismissed.

*William A. Smith,* attorney-general, and *Leon W. Lundblade,* assistant at-
torney-general, for the appellant.

*T. F. Railsback, A. J. Herrod* and *Blake Williamson,* all of Kansas City, for
the appellees.

The opinion of the court was delivered by

MARSHALL, J.: On December 6, 1926, the plaintiff commenced this
action against the American Title and Trust Company, a corpora-
tion, to procure the appointment of a receiver to take charge of the
assets of the corporation. A receiver was appointed on that day.
On December 9, 1926, by permission of court Roy L. Bone, as bank
commissioner of the state of Kansas, filed an intervening petition in
which he asked that the receiver appointed by the court be directed
to deliver to the bank commissioner or to a receiver to be appointed
by the bank commissioner all the assets and effects of the trust com-
pany. The prayer of the bank commissioner was denied on Decem-
ber 9, 1926, and the bank commissioner at once appealed.

On December 27, 1926, after the appeal had been taken, the plain-.
tiff filed an amended petition making the bank commissioner and

Appeal and Error, 4 C. J. p. 584 n. 62.

the deputy bank commissioner parties defendant. To the amended petition, the bank commissioner filed a long answer. A large number of intervening petitions were filed by creditors, asserting claims against the estate of the trust company. Those claims have been adjudicated. All the assets of the company have been converted into cash and distributed under the orders of the court. The receiver has reported, his report has been approved, and he has been discharged.

The bank commissioner says:

"This is a case which clearly involves the jurisdiction and powers of the district court in comparison with the powers granted by statute to the bank commissioner of the state of Kansas in the appointment of receivers for insolvent banks.

"The principal question in the case at bar, which appellant desires the supreme court to decide, is that involving the seeming controversy as to the jurisdiction of the district courts and the bank commissioner as to insolvent banks or banks for which a receiver is deemed necessary."

The plaintiff says that all questions involved in this action have become moot, and—

"That the appeal should be dismissed without undertaking a consideration of the interesting but useless questions raised by the bank commissioner. Those questions are too important to be decided in a case where their decision is unnecessary. Sometime a case will arise where such questions are timely brought before this court and can be presented with precision and thoroughness. That time is not now. The belated attention to his appeal on the part of the bank commissioner and his acquiescence in all of the proceedings and the closing of the estate makes that a moot question."

The action was first set for hearing in this court in July, 1927. It was then continued until in October, 1927, when it was again continued until February, 1928. This court cannot at this time make any order or render any judgment that will have any effect on this litigation or on the rights of any of the parties. For that reason, the appeal should be dismissed. (*Beatty v. Doughty,* 108 Kan. 552, 196 Pac. 432; *Cromb v. Cole,* 114 Kan. 171, 216 Pac. 1098; *Clewell v. School District,* 115 Kan. 176, 222 Pac. 74; *Christ v. Fischer,* 118 Kan. 586, 235 Pac. 841.) A number of other cases to the same effect might be cited.

The appeal is dismissed.