No. 32,056

THE STATE OF KANSAS, ex rel. MAX WYMAN, County Attorney, *Plaintiff,* v. HARRY SMITH, F. F. FREDERICK and CHARLES HORNBAKER as THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF RENO, *Defendants.*

(36 P. 2d 956)

Opinion filed November 3, 1934.

*Roland Boynton,* attorney-general, and *Max Wyman,* county attorney, for the plaintiff.

*John Fontron,* of Hutchinson, for the defendants.

The opinion of the court was delivered by

HUTCHISON, J.: This is a mandamus action brought in this court by the state of Kansas on relation of the county attorney of Reno county against the county commissioners of that county, to compel them to let the contract for the printing of the ballots to be used at the primary election held on August 7, 1934, at the rate specified in R. S. 25-604 instead of a reduced rate, the petition alleging that the defendants had accepted a bid at fifty per cent of the legal rate and were about to enter into a contract for the printing thereof at such reduced rate.

The petition was filed on June 5, 1934, and on the same day an alternative writ was issued signed by the chief justice of this court; also, on that same day a motion to quash the alternative writ was filed by the defendants. On July 2, 1934, the attorneys for both plaintiff and defendants filed their printed briefs, calling mainly for a construction of the statute above noted and particularly whether the word "shall" therein is mandatory or merely directory and to be construed as "may." The July term of this court commenced on the day the briefs were filed, and the next regular session of this court convened on October 1, 1934; and three days later, in response to an oral motion, the case was advanced to the October session and was submitted on the briefs without oral argument.

We are confronted with the fact that the case appears to be moot. No contract can now be let by the defendants, regardless of price, for the printing of primary ballots to be used August 7, 1934. The briefs were filed in time, but unless the case was submitted at that very time and the issues determined and the opinion handed down at once, it would have been after the primary election was over, to say nothing of a reasonable time necessary to do the work of printing. Any order we might make in the case at this time would be absolutely, ineffectual. Our decision at this time would necessarily be either to require the defendant to let a contract now at the full legal rate for the printing of the ballots that were needed for the primary of last August, or to sustain the motion to quash the alternative writ, which would relieve the defendants from this time on of the requirement of letting the contract at a certain rate for the printing of primary ballots for last August. The case does not involve the matter of the printer collecting or the commissioners being liable for the legal rate, or any other rate.

It is said in 18 R. C. L. 138:

" . . . the writ will not be granted where its issuance would be unavailing, nugatory or useless; so if it is apparent that the writ, if granted, cannot be enforced by the court, relief will be withheld, since the courts are averse to exercising their extraordinary jurisdiction in cases where their authority cannot be vindicated by the enforcement of process."

In 1 C. J. 973 it is said:

"Courts are confined in their judicial action to real controversies wherein the legal rights of parties are necessarily involved and can be determined, and something further is sought than the mere declaration of a right, and they will not entertain an action or proceeding merely for the purpose of passing upon a moot question or abstract proposition, as in regard to the construction and operation of a contract, the constitutionality or construction of a statute."

The situation is substantially the same when the matter involved becomes moot, whether it is in an original proceeding or in a case that is appealed. The following are some of the many expressions of this court on this subject in cases that have been appealed:

"An appeal may be dismissed when this court cannot make any order that will affect the rights of the parties thereto." (*State v. Gas Co.*, 102 Kan. 712, syl. ¶ 4, 172 Pac. 713.)

"It is not the province of this court to decide moot questions." (*Kreitzer v. Cement Co.*, 92 Kan. 835, syl. ¶ 3, 141 Pac. 1004.)

"The supreme court will not entertain an appeal solely for the purpose of deciding a mooted question of law or fact." (*Bauman v. Mason*, 91 Kan. 728, syl., 139 Pac. 406. See, also, *State, ex rel., v. Railway Co.*, 90 Kan. 20, 56 Pac. 755; *Geinger v. Krein,* 103 Kan. 176, 173 Pac. 298; *Beaty v. Doughty*, 108 Kan. 552, 196 Pac. 432; and *Hesser v. Bale,* 114 Kan. 750, 220 Pac. 274.)

For the reason that any decision or judgment that could be rendered in this cause at this time would be unavailing and ineffective the cause should be dismissed. It is so ordered.