No. 21,053.

THE STATE OF KANSAS, ex rel. JOSEPH L. BRISTOW et al., as. the Public Utilities Commission, etc., *Plaintiffs*, v. JOHN M. LANDON, as Receiver for the KANSAS NATURAL GAS COM-PANY, et al., *Defendants*.

### SYLLABUS BY THE COURT.

1. GAS COMPANIES—*Right to Change Schedule of Charges—Consent of Utilities Commission*. The receiver of the Kansas Natural Gas Com-pany and the Olathe Gas Company have no right to change the rate, schedule of charges, rules, regulations or practice pertaining to the supply of natural gas to the patrons of the Olathe Gas Company with-out the consent of the Public Utilities Commission.

2. SAME — *Decision of United States District Court Construed — Man-damus—Writ Issued Conditionally*. The suit recently decided by the United State district court for the district of Kansas (*Landon, as Re-ceiver, etc., v. Public Utilities Commission et al.*, filed April 21, 1917, not reported), while involving among other things the validity of the contract under which the Kansas Natural Gas Company and the Olathe Gas Company have for several years been supplying the cus-tomers of the latter company, has not yet resulted in any decision as to the validity of such contract, jurisdiction having been expressly reserved over the issues involved which are not covered by the recent decision. *Held*, that a writ requiring the defendant companies to con-tinue according to the terms of the contract until such contract be duly and legally set aside or superseded will issue, unless within a time named such consent to depart from the terms thereof be obtained from the Public Utilities Commission.

3. GAS COMPANY—*Sale of Gas to Kansas Consumers—Rates Under Con-trol of Utilities Commission*. Notwithstanding the decision in the federal case referred to, touching the interstate character of the busi-ness conducted by the receiver, we adhere to the decision in *The State, ex rel., v. Flannelly*, 96 Kan. 372, 152 Pac. 22, that when selling natural gas to consumers thereof in this state the receiver is not engaged in interstate commerce.

Original proceeding in mandamus. Opinion filed May 12, 1917. Writ allowed on condition.

*H. O. Caster*, and *F. S. Jackson*, both of Topeka, for the plaintiffs.

*Chester I. Long*, of Wichita, *Robert Stone*, of Topeka, *C. D. Walker*, of Atchison, *John H. Atwood*, and *W. F. Guthrie*, both of Kansas City, Mo., for the defendants.

38—100 KAN.

The opinion of the court was delivered by

.WEST, J.: In November, 1908, the Kansas Natural Gas Company entered into a written contract with the Olathe Gas Company by the terms of which the latter, as agent of the former, was to supply natural gas to its patrons on certain terms, a portion of which gas was to be furnished by the Natural Gas Company and a portion by the local company. This contract was considered in *The State, ex rel., v. Litchfield*, 97 Kan. 592, 155 Pac. 814, in which it was observed that the local company was operating under a franchise granted by the city authorizing a charge of twenty-five cents a thousand feet for one year and thereafter thirty cents. The principal question was whether the city or the utilities commission had control of the rate, and it was held that the company was in this respect subject to the jurisdiction and control of the public utilities commission.

September 22, 1916, the commission brought this action in mandamus to compel the two companies to continue the supply and distribution of gas according to the terms of the contract. The allegation is that the defendant companies, without the consent of the commission, abandoned the contract and discontinued operations under it, and thereupon it was proposed that the Kansas Natural or its receiver discontinue its service to the distributing company, and that thereafter no gas would be delivered to it by the receiver except such as should be paid for at eighteen cents a thousand at the gates of the city, substituting an entirely different service regulation and practice of delivering gas, and that the local company had unlawfully consented to the changes and had abandoned and discontinued the former service to the inhabitants of the city of Olathe and the surrounding community.

The answer of the Olathe Gas Company closes a series of allegations with a denial of the jurisdiction of the public utilities commission over its affairs.

The receiver of the Natural Gas Company in his return challenges the jurisdiction of this court; sets up that there was a prior suit pending in the United States district court for the district of Kansas involving the matters in controversy here, and especially the right of the Natural Gas Company to depart

from the rates provided in the contract already referred to, asserting that the federal court has assumed and is holding jurisdiction over all these matters, and asserting that by his submission to the federal court and his denial of the jurisdiction of this court he is exercising an authority granted him by the United States and the constitution and laws thereof. Further, that he had served notice on the plaintiffs herein and all other defendants in the case in federal court that he would, on October 11, 1916, apply thereto for relief and file a supplemental bill, a copy of which, marked "exhibit D," was set forth; and further alleging that the order already made by the federal court amounted to a judgment of a court of competent jurisdiction to which this court must give full faith and credit. This supplemental bill appears to name the Olathe Gas Company as a defendant, but no prayer for relief touching this company can be found therein. The order of the federal court referred to was to the effect that it had not been deemed necessary to determine the validity of the city ordinances, the contracts between the cities and the distributing companies and the contracts between distributing companies and the Natural Gas Company and the duties and obligations of the receiver thereunder, but,

"That this court reserves jurisdiction of the subject matter of this application for an injunction, and of the parties thereto, and reserves its power and authority to add to, take from, modify or supplement the injunction hereby decreed, or any other provision of this decree, at any time during the pendency of this suit."

Two questions arise for determination: one, the duty of the defendant companies and the corresponding power of the utilities commission touching the change in rates or the regulation or practice pertaining to the service at Olathe; the other, one of jurisdiction as between this court and the federal court.

As to the first, it is clear that the defendant companies have assumed and intend to treat the former contract beween them as abrogated, thereby working a material departure from the former rules and practice in the matter of furnishing natural gas to the citizens of Olathe, and in the rates to be charged therefor. Section 20 of the public utilities act, chapter 238 of the Laws of 1911, provides that:

"No change shall be made in any rate, toll, charge or classification or schedule of charges, joint rates, or in any rule or regulation or

practice pertaining to the service or rates of any public utility or common carrier, without the consent of the commission. (Gen. Stat. 1915, § 8347.)

That so marked and material a change in the rates, rules, regulations or practices pertaining to the service or rates at Olathe can not be made without consent of the commission is settled by *The State, ex rel., v. Postal Telegraph Co.*, 96 Kan. 298, 150 Pac. 544, and *City of Scammon v. Gas Co.*, 98 Kan. 812, 160 Pac. 316.

As to the seeming or asserted conflict of jurisdiction it need only be said that as to all questions touching the validity of the contracts involved in the suit pending in federal court, that tribunal has full and complete jurisdiction. While by the act of March 4, 1913 (Part 1, 37 U. S. Stat. at L., ch 160, p. 1013), Congress provided that when a suit has been brought in any federal court requiring an interpretation of a state statute and before final hearing a suit shall be brought in a state court having jurisdiction thereof to enforce such statute or order, then upon certain conditions the proceeding in the federal court to restrain the execution of such statute or order shall be stayed pending the final determination in the state court, there is nothing in this controversy requiring recourse to that statute.

In the recent decision of the federal case Judge Booth said:

"Further, even after the present suit had been begun in this court the defendants might (at any time before final submission upon the hearing for the preliminary injunction) by proper procedure under section 266 of the Judicial Code have taken action in the State Court by mandamus or otherwise, and this court, upon being advised of such action, would have held the present suit in abeyance; but no such course was pursued."

The decision referred to expressly reserves jurisdiction over all matters not covered thereby, and these include the validity of the contract now under consideration.

The view taken of the interstate character of the business of furnishing natural gas to Kansas consumers set forth in the decision referred to has the effect of eliminating the public utilities commission from this controversy. We adhere, however, to the opinion in *The State, ex rel., v. Flannelly*, 96 Kan. 372, 152 Pac. 22, wherein it was said:

"Granting for the moment that the sale of natural gas under the circumstances disclosed is interstate commerce, it is not national in its na-

Mercantile Co. v. Investment Co.

ture, it admits of no one uniform system of regulation, and it is not that kind of interstate commerce which requires exclusive legislation by congress. It is therefore subject to state control until congress acts. . . . Congress has not acted in this field, except to prohibit unfair methods of competition. We hold, therefore, that the receivers are not engaged in interstate commerce when selling natural gas to consumers thereof in this state." (pp. 384, 386.)

With full recognition of the federal court's jurisdiction as indicated, it is ordered that unless within sixty days from the filing hereof with the clerk of this court the receiver and the Olathe Gas Company obtain from the public utilities commission consent to depart from the rules, rates and regulations touching the supply and price of gas to the consumers of the local company as required by the former contract between the Kansas Natural Gas Company and the Olathe Gas Company, a peremptory writ issue requiring such receiver and the Olathe Gas Company to continue in obedience to and in accordance with the terms of the contract until such contract be duly and lawfully set aside or superseded.

DAWSON, J.: not sitting.