No. 21,142.

THE STATE OF KANSAS, *Plaintiff*, V. THE INDEPENDENCE GAS COMPANY et al. (THE WYANDOTTE COUNTY GAS COMPANY, *Appellant*, JOHN M. LANDON, as Receiver, etc., et al., *Appellees*), *Defendants*.

No. 21,143.

THE STATE OF KANSAS, *Plaintiff*, V. THE INDEPENDENCE GAS COMPANY et al. (THE KANSAS CITY PIPE LINE COMPANY, *Appellant*, JOHN M. LANDON, as Receiver, etc., et al., *Appellees*), *Defendants*.

SYLLABUS BY THE COURT.

1. QUO WARRANTO—*Action Dismissed—No Appeal within Six Months.* When an action is dismissed as to certain defendants, all orders which were made prior to the order of dimissal, and of which complaint is made by those defendants, must be appealed from within six months after the order of dismissal is made.

2. SAME—*Regulation of Rates of Natural Gas Companies—State Courts No Jurisdiction to Change Legal Rates.* The courts of this state have no jurisdiction to appoint receivers for the purpose of regulating the rates of public-service corporations, and neither the courts nor the receivers of such corporations have jurisdiction to change legal rates without the consent of the public utilities commission; but when the legal rates charged by the receiver of a public-service corporation have been enjoined by 'a court of competent jurisdiction, the receiver may put into effect rates to be charged until the commission establishes a new rate.

3. SAME—*Issues Disposed of by Stipulation.* An appeal may be dismissed when it appears that all the orders from which the appeal is taken were made under a stipulation signed by the party appealing.

4. SAME—*Appeal Dismissed.* An appeal may be dismissed when this court cannot make any order that will affect the rights of the parties thereto.

Appeals from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed April 6, 1918. Dismissed.

*J. W. Dana,* of Kansas City, Mo., for the appellants.

*Chester I. Long,* of Wichita, *Robert Stone,* of Topeka, *T. S. Salathiel,* of Independence, and *John H. Atwood,* of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: On January 5, 1912, in the district court of Montgomery county, the attorney-general commenced an action in quo warranto against the Independence Gas Company, The Consolidated Gas, Oil, and Manufacturing Company, and the Kansas Natural Gas Company; and, in the petition in that action, charged that the defendants had violated the antitrust statutes of the state. The Kansas Natural Gas Company was then engaged in the transportation of natural gas through the eastern part of the state to the Wyandotte County Gas Company in Wyandotte county, and, in transporting the gas, used the pipe lines of the Kansas City Pipe Line Company. After the action had been commenced, the Wyandotte County Gas Company and the Kansas City Pipe Line Company were made parties thereto. The Wyandotte County Gas Company appeared specially and filed a motion to quash the service of the summons made on it. That motion was overruled. The Wyandotte County Gas Company and the Kansas City Pipe Line Company each filed a demurrer. The Demurrers were never heard by the court. Receivers were appointed for the Kansas Natural Gas Company, for the Wyandotte County Gas Company, and for the Kansas City Pipe Line Company. On October 16, 1915, the receivers for the Wyandotte County Gas Company were discharged, and the action was dismissed as to that company. No appeal was taken at that time, nor at any time within six months thereafter. On October 16, 1916, the court rendered the following judgment:

"It is therefore considered, adjudged and decreed that none of the distributing contracts aforesaid are binding upon, or effective against, said Receiver, and that he should not, and is hereby forbidden to, deliver natural gas to any of said distributing companies under the distributing contracts formerly existing between the Kansas Natural Gas Company and said distributing companies, respectively; and he is hereby ordered to deliver natural gas to such of said distributing companies as will receive the same at the rates and prices, and on the terms named in the schedule of rates and prices heretofore promulgated by said Receiver to said distributing companies, respectively; and the acts of said Receiver in promulgating said schedules are hereby approved."

From that judgment the Wyandotte County Gas Company and the Kansas City Pipe Line Company have filed separate appeals.

1. The Wyandotte County Gas Company contends that—

"The court below had no jurisdiction under Secs. 50 and 51 of the Code to summon The Wyandotte County Gas Company, a domestic corporation, domiciled, located, doing business and owning property only in Wyandotte County, to appear in the District Court of Montgomery County, in an action for the recovery of a fine, penalty or forfeiture imposed by statute."

In the order discharging the receivers of, and dismissing the action against, the Wyandotte County Gas Company, there was a finding that all the pleadings charging or attempting to charge the Wyandotte County Gas Company with acts subjecting it to penalties had been withdrawn by stipulation. There was, therefore, no action pending against the Wyandotte County Gas Company on October 16, 1916; and there was then no petition charging that company with any act which would subject it to any penalty.

All errors that had been committed by the trial court against the Wyandotte County Gas Company were concluded by the judgment of dismissal against that company; and those errors cannot now be presented, for the reason that no appeal was taken within six months from the date of the dismissal. All questions concerning the service of summons, concerning the appointment of the receivers, and concerning their control and conduct until the order of dismissal, are concluded by the failure of the Wyandotte County Gas Company to appeal within six months after the date of that order.

2. The Wyandotte County Gas Company contends that the court had no jurisdiction to appoint receivers to regulate rates; that neither the court nor the receivers had jurisdiction to change the existing rates of the Kansas Natural Gas Company, or of the Wyandotte County Gas Company, without the consent of the public utilities commission; and that the court had no jurisdiction to disavow and cancel the supply contract existing between the Kansas Natural Gas Company and the Wyandotte County Gas Company.

The rate-making body of public-service corporations in this state is the public utilities commission. Under section 8358

of the General Statutes of 1915, the rates charged by the Kansas Natural Gas Company and by the Wyandotte County Gas Company on January 1, 1911, became, and thereafter were, the legal rates; and those rates could not be changed without the consent of the public utilities commission. (*The State, ex rel., v. Gas Co.,* 88 Kan. 165, 127 Pac. 639; *The State, ex rel., v. Flannelly,* 96 Kan. 372, 152 Pac. 22; *Telephone Co. v. Utilities Commission,* 97 Kan. 136, 154 Pac. 262; *City of Scammon v. Gas Co.,* 98 Kan. 812, 160 Pac. 316; *The State, ex rel., v. Gas Co.,* 100 Kan. 593, 165 Pac. 1111.)

The order from which this appeal was taken was based partly on a conclusion of law—

"That the supply contracts with the distributing companies, whose plants are located within the State of Kansas, are invalid, illegal and void, being in violation of the laws of this state and of the United States, and are not binding on the Receiver."

The validity of the contract between the Kansas Natural Gas Company and the Wyandotte County Gas Company is immaterial in these appeals, for the reason that the rates fixed by the contract were in effect on January 1, 1911, and became legal rates by virtue of section 8358 of the General Statutes of 1915. The trial court did not have power, in the action then pending before it, to declare those rates illegal. (*The State, ex rel., v. Flannelly,* 96 Kan. 372, 382, 152 Pac. 22.)

The court did not cancel the contracts; it found that the contracts were illegal and void, and stopped there. In this action, under the pleadings as they then stood, with the action dismissed as to the Wyandotte County Gas Company, the court did not have power or jurisdiction to cancel the contracts between that company and the Kansas Natural Gas Company. The court ordered the receiver of the Kansas Natural Gas Company not to deliver natural gas to any distributing company, except to such as would receive the same at the rates and prices that had been fixed by the receiver. The Wyandotte County Gas Company was distributing gas in Wyandotte county. Neither the court nor the receiver could compel that company to receive gas at any price other than the one named in the contract between the Wyandotte County Gas Company and the Kansas Natural Gas Company.

On December 10, 1915, the public utilities commission promulgated an order increasing the rates that had been established by section 8358 of the General Statutes of 1915. On June 3, 1916, in an action then pending in the United States district court for the district of Kansas, in which John M. Landon, receiver of the Kansas Natural Gas Company, was plaintiff, and the public utilities commission and others were defendants, a temporary injunction was issued enjoining the public utilities commission and its attorneys and the attorney-general from putting into effect and enforcing, by legal proceedings or otherwise, the rates established by law or those fixed by the public utilities commission. The injunction took effect on August 29, 1916. In *Telephone Co. v. Utilities Commission,* 97 Kan. 136, 154 Pac. 262, this court said:

"Where a court having jurisdiction determines that a rate fixed by the statute and approved by the utilities commission is confiscatory, the utility is left free to operate under such rate as it may establish until a new one has been fixed by the commission." (Syl. ¶ 5.)

When the federal court enjoined the rates that were in effect on January 1, 1911, and enjoined the rates that the public utilities commission put into effect on December 10, 1915, there were no legal rates that could be collected by the receiver of the Kansas Natural Gas Company. In order to serve the public, the receiver was then compelled to put into effect rates of his own; that he did. His rates were approved by the order from which these appeals have been taken.

The Wyandotte County Gas Company, in its specification of errors, presents other questions; but they are not argued in its brief and will not be discussed.

3. The appeal of the Kansas City Pipe Line Company is not identical with that of the Wyandotte County Gas Company. There is but one brief on the two appeals, and that brief presents the cause of the Wyandotte County Gas Company. The questions involved in the appeal of the Wyandotte County Gas Company have been disposed of, and, so far as the appeals are identical, the questions involved in the appeal of the Kansas City Pipe Line Company have also been disposed of.

The Kansas City Pipe Line Company, with a number of other parties to the action, entered into a stipulation which has been commonly called a creditors' agreement. Under that

agreement, none of the matters of which the Kansas City Pipe Line Company complains can be modified or reversed, for the reason that its property has been operated and controlled by its receiver in conformity with the stipulation.

The action in the district court of Montgomery county has been dismissed, and the whole gas controversy is now in the federal court; and that court, through its receivers, has control of all the property connected with the Kansas Natural Gas Company.

4. John M. Landon, receiver of the Kansas Natural Gas Company, moves to dismiss these appeals. There is no substantial difference between the views herein expressed and the order made by the district court on October 16, 1916. Any order made at this time in this action cannot have any effect in the suits now pending in the federal court. The appeals are therefore dismissed.

DAWSON, J., not sitting.