No. 24,307.

THE STATE OF KANSAS, ex rel. A. E. HELM, as Attorney for the Public Utilities Commission, *Plaintiff*, v. THE KANSAS NATURAL GAS COMPANY, *Defendant*, THE WYANDOTTE COUNTY GAS COMPANY, *Intervenor*.

SYLLABUS BY THE COURT.

JURISDICTION—*Public Utilities Commission—Power to Regulate Sale of Gas Transported from Another State.* The state through the public utilities commission has the power to regulate the sale of natural gas in this state by fixing a reasonable price therefor where the gas is produced in Oklahoma, transported through pipe lines into this state, and here sold to distributing companies that in turn sell the gas to the consumers thereof in a large number of cities in this state.

Original proceeding in mandamus. Opinion filed July 8, 1922. Writ allowed.

*A. E. Helm,* of Topeka, for the plaintiff.

*H. O. Caster,* and *Robert D. Garver,* both of Bartlesville, Okla., for the defendant.

*J. W. Dana,* of Kansas City, Mo., for the intervenor.

The opinion of the court was delivered by

MARSHALL, J.: Plaintiff seeks to compel the defendant to reestablish and maintain a rate of thirty-five cents a thousand for gas delivered by it to distributing companies operating in a number of cities in the eastern part of the state. The defendant has filed its return and answer to the petition of the plaintiff. To that return and answer the plaintiff has filed a combined reply and demurrer. The cause is presented on the demurrer to the answer.

The facts disclosed by the pleadings, so far as necessary to state them for the consideration of the matters presented, are as follows: The defendant is producing gas in Oklahoma and Kansas and transmitting it from Oklahoma through Kansas and into Missouri and is supplying towns and cities in Oklahoma, Kansas,

and Missouri with natural gas. The defendant does not furnish gas to the consumers; it sells gas to the distributing companies in various cities, and these companies deliver the gas to the consumers. The pipe lines conveying the gas are continuous from the wells to the place of consumption. The rate, fixed by order of the federal court and approved by the public utilities commission, has been thirty-five cents per thousand cubic feet of gas to companies distributing and selling gas in various cities in this state. That was the legal rate. On April 1, 1922, defendant notified the various distributing companies that after the April 1, 1922, meter reading the rate charged would be forty cents per thousand cubic feet. Upon that notice being given, this action was commenced to compel the defendant to deliver gas to the distributing companies for thirty-five cents per thousand cubic feet.

The plaintiff argues—

"1. That the defendant is a public utility under the laws of Kansas, and that its business of selling natural gas, transported in interstate commerce, is subject to regulation by the Public Utilities Commission of the state of Kansas.

"2. That the business of selling natural gas by the defendant to the distributing companies at the gates of the cities served by said distributing companies is local and not national in character.

"3. That until congress asserts its jurisdiction over the subject and provides for the regulation of the sale of natural gas in interstate commerce, the states may enact laws providing for the reasonable regulation of the business."

The defendant contends that—

"The business of The Kansas Natural Gas Company is national in character and not subject to direct regulation by the state."

The controversy revolves around this question: Does the state of Kansas have power to regulate the price at which gas shall be sold by the defendant to the distributing companies? It is admitted by all the parties that the business of the defendant in transporting natural gas is interstate commerce. In *The State, ex rel., v. Flannelly,* 96 Kan. 372, 152 Pac. 22, it was said:

"Assuming that the sale of natural gas produced in Oklahoma, from there transported into this state through pipe lines and here sold to consumers throughout the state is interstate commerce, it is not national in its nature, it does not admit of one uniform system of regulation, it is not that kind of interstate commerce which required exclusive legislation by congress, and until congress acts it is under the control of this state." (Syl. ¶ 5.)

That decision was adhered to by this court in *The State, ex rel., v. Gas Co.,* 100 Kan. 593, 165 Pac. 1111.

Congress has not attempted to regulate the production, transportation, or sale of natural gas. Many of the states have passed laws governing these matters. The legislation by the states demonstrates that the sale of natural gas should be regulated. The regulations made are not uniform; they cannot be uniform. Regulation is necessary; congress has not regulated; the states must regulate. Under these circumstances regulation by the states does not violate the commerce clause of the constitution. Some other provision of the constitution may be violated, but that is an altogether different question.

In *Public Utilities Comm. v. Landon,* 249 U. S. 236, 245, the supreme court of the United States said:

"That the transportation of gas through pipe lines from one state to another is interstate commerce may not be doubted. Also, it is clear that as part of such commerce the receivers might sell and deliver gas so transported to local distributing companies free from unreasonable interference by the state. *American Express Co. v. Iowa,* 196 U. S. 133, 143; *Oklahoma v. Kansas Natural Gas Co.,* 221 U. S. 229; *Haskell v. Kansas Natural Gas Co.,* 224 U. S. 217. But in no proper sense can it be said, under the facts here disclosed, that sale and delivery of gas to their customers at burner tips by the local companies operating under special franchises constituted any part of interstate commerce."

In *Penna. Gas Co. v. Pub. Service Comm.,* 252 U. S. 23, 28, the supreme court of the United States used this language:

"We think that the transmission and sale of natural gas produced in one state, transported by means of pipe lines and directly furnished to consumers in another state, is interstate commerce within the principles of the cases already determined by this court. *West v. Kansas Natural Gas. Co.,* 221 U. S. 229; *Haskell v. Kansas Natural Gas Co.,* 224 U. S. 217; *Western Union Telegraph Co. v. Foster,* 247 U. S. 105. This case differs from *Public Utilities Commission v. Landon,* 249 U. S. 236, wherein we dealt with the piping of natural gas from one state to another, and its sale to independent local gas companies in the receiving state, and held that the retailing of gas by the local companies to their consumers was intrastate commerce and not a continuation of interstate commerce, although the mains of the local companies receiving and distributing the gas to local consumers were connected permanently with those of the transmitting company. Under the circumstances set forth in that case we held that the interstate movement ended when the gas passed into the local mains; that the rates to be charged by the local companies had but an indirect effect upon interstate commerce and, therefore, the matter was subject to local regulation."

In the last case, gas was produced in Pennsylvania, was transported through pipe lines to Jamestown, N. Y., and there was sold

direct to the consumer by the producing company. There was no intervening distributing company. That case involved the validity of an order made by the public service commission of New York regulating the rates at which the Pennsylvania Gas Company should furnish gas to its customers in the city of Jamestown. The headnote to the opinion reads:

"The transmission and sale of natural gas, produced in one state and transported and furnished directly to consumers in a city of another state by means of pipe lines from the source of supply in part laid in the city streets, is interstate commerce; but, in the absence of any contrary regulation by congress, is subject to local regulation of rates."

The only difference between the present case and the Pennsylvania Gas Company case is that here the gas is sold to distributing companies who in turn sell it to the consumer, while in the Pennsylvania Gas Company case, the gas was sold directly to the consumer. So far as the Kansas Natural Gas Company is concerned, the distributing companies in this state may be considered the consumers of the gas sold. If that is correct, there is no difference between the present case and the Pennsylvania Gas Company case.

Attention is directed to a very recent opinion by the Honorable John C. Pollock, judge of the United States district court for the district of Kansas, in *Central Trust Company of New York v. The Central Light, Heat and Power Company*, in which that court held that the business of the Kansas Natural Gas Company in selling gas to the several distributing companies within the state of Kansas is interstate commerce and is not subject to the control of the state through the public utilities commission. That opinion is largely based on *Public Utilities Comm. v. Landon*, 249 U. S. 236, and *Penna. Gas Co. v. Pub. Service Comm.*, 252 U. S. 23.

This court reaches a conclusion different from that of the United States district court, based on the same cases and on the facts that congress has not attempted to regulate the sale of natural gas and that the regulation of its sale is necessary and cannot be uniform or national in its character. Until congress does act in the matter the state has power to regulate the sale of natural gas in this state by the Kansas Natural Gas Company.

The demurrer of the plaintiff to the answer of the defendant is sustained; and a peremptory writ of mandamus is allowed, commanding the defendant to reëstablish and maintain a rate of thirty-

five cents a thousand for gas delivered by it to the distributing companies operating in the cities of this state until a different rate is fixed by order of the public utilities commission.