No. 29,090.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF POT-
TAWATOMIE, *Appellee,* v. THE AMERICAN TELEPHONE COMPANY,
*Appellant.*

(284 Pac. 368.)

Opin-
ion filed February 8, 1930.

*C. E. Rugh, Karl B. Rugh,* both of Abilene, and *Maurice Murphy,* of St.
Marys, for the appellant.

*Ben C. Pickering,* county attorney, and *C. A. Leinbach,* of Onaga, for the
appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action plaintiff seeks to enjoin the defend-
ant from discontinuing telephone service rendered to the county
offices in the courthouse at Westmoreland. Judgment was rendered
in favor of the plaintiff, enjoining the defendant from discontinuing
that service, but rendering judgment in favor of the defendant in
the sum of $413.09 for telephone service that had theretofore been
rendered. The defendant appeals.

Findings of fact were made by the court as follows:

"That for a period of about five years immediately preceding October, 1927,
the plaintiff paid the defendant, the American Telephone Company and its
predecessors, the rents which were charged to the county for the service
rendered in the county offices, but the court further finds:

"1. That in September, 1927, there was an oral contract made between the
county commissioners and Mr. Carlson, manager of telephone company, for
lesser rent than that charged prior to October, 1927, which rent the court finds
was arranged at the suggestion of Commissioner Dalton, of the public service
commission of the state of Kansas.

"The court further finds:

"2. That from September, 1927, up to the present time, telephone bills had been presented monthly by the telephone company to the county for the regular telephone rental which was charged and paid as aforesaid prior to October, 1927, but that the county failed to pay said bills so rendered since September, 1927, but the county has each month during said time—that is, from October, 1927, up to the present—issued warrants to the telephone company for the amount of the telephone rental suggested by Commissioner Dalton as aforesaid and the telephone company has not accepted any of said warrants, but have returned all of them.

"The court further finds:

"3. That the telephone company should recover on its cross petition herein and have judgment for an amount equal to the amount of warrants issued by the county to the telephone company since September, 1927, to wit: $413.09."

The rate schedule which had been filed with the Kansas court of industrial relations and approved July 20, 1920, was as follows:

|  | Business. | Residence. |
| --- | --- | --- |
| "Individual line telephones | $2.50 | $1.50 |
| Two-party-line telephone | ... | ... |
| Four-party-line telephone | ... | ... |
| Desk sets, extra | .25 | .25 |
| Extension sets, extra | .75 | .50 |
| Extension bells, extra | .25 | .25 |
| Rural party-line telephone equipment owned and maintained by the company | 1.75 | 1.25" |

The evidence established that there were three telephone lines running into the courthouse on which there were eight telephones, two of the lines supplying three telephones each and one of the lines supplying two telephones. The rate schedule provided for a charge of $2.50 for each individual-line telephone and 25 cents for each desk set. The schedule provided 75 cents for each extension set, which, with the 25 cents for the desk set, would make $1 for each extension set. The plaintiff, in issuing warrants to the defendant for the telephone service rendered, deducted $1.75 from the amount claimed by the defendant for each of five telephones. The defendant claimed $2.75 for each of the telephones.

The rates approved in July, 1920, were the legal rates for the service therein named. If the telephones used by the county were not on individual lines they were on party lines. There were no rates fixed by the schedule for party-line service. The company had charged and received $2.75 for each telephone furnished. The company thereby fixed the rate for the service rendered. That rate

then became the legal rate until changed in the manner prescribed by law. (*Telephone Co. v. Utilities Commission,* 97 Kan. 136, 154 Pac. 262; *State v. Gas Co.,* 102 Kan. 712, 716, 172 Pac. 713; *City of Hutchinson v. Bell Telephone Co.,* 109 Kan. 545, 200 Pac. 301; *Gas and Fuel Co. v. Public Utilities Commission,* 116 Kan. 165, 174, 225 Pac. 1036; and *City of Hutchinson v. Hutchinson Gas Co.,* 125 Kan. 346, 264 Pac. 68.) If the telephones furnished to the county were on individual lines the rates charged by the telephone company conformed to the schedule on file; that is, $2.50 for the telephones and 25 cents for each desk set. If that rate charged was not satisfactory to the county the place to get a proper rate fixed was the rate-regulating body then existing. (*City of Hutchinson v. Bell Telephone Co.,* 109 Kan. 545, 200 Pac. 301; *State, ex rel., v. Telegraph Co.,* 117 Kan. 651, 232 Pac. 1038.) An individual member of the rate-regulating body had no authority to establish or change the rate. The rate fixed and charged by the telephone company and paid by the county must be continued to be paid until a different rate is established by the proper rate-regulating body. (See authorities above cited.)

The judgment is reversed, and the trial court is directed to render judgment in accordance with this opinion.