No. 39,659

JABE SMITH, *Appellant,* v. THE SEKAN ELECTRIC COOPERATIVE ASSOCIATION, INC., and KAMO ELECTRIC COOPERATIVE, INC., *Appellees.*

(279 P. 2d 309)

Opinion filed January 22, 1955.

*Paul Armstrong,* of Columbus, argued the cause, and *Leo Armstrong,* of Columbus, was with him on the briefs for the appellant.

*Jack L. Rorschach,* of Vinita, Oklahoma, argued the cause, and *Robert T. Patterson,* of Columbus, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action for injunctive relief. Judgment was for defendants and plaintiff has appealed.

The question involved concerns the necessity for approval by the State Corporation Commission of a contract between defendant companies for the purchase and sale of electric power.

The facts are not in dispute and may be stated briefly as follow:

Defendant, The Sekan Electric Cooperative Association, Inc. (hereafter referred to as Sekan), is a rural electric cooperative, organized and existing under what is known as the electric cooperative act, being Chapter 17, Article 46, G. S. 1949. Defendant, KAMO Electric Cooperative, Inc. (hereafter referred to as KAMO), is a corporation organized under the electric cooperative act of the

state of Oklahoma, and is licensed to do business under the laws of Kansas.

. Sekan is now operating in some eight counties in southeastern Kansas and is engaged in selling electric power to consumers at retail.

KAMO is engaged in the transmission and delivery of electric power, generated outside of Kansas, into Kansas, for sale at wholesale to various retailers.

On August 12, 1952, KAMO and Sekan entered into a written wholesale power contract by the terms of which KAMO undertakes to deliver at substations in Kansas, and sell at wholesale, electric power to Sekan, the purpose thereof being to enable Sekan in turn to sell, at retail, the electric power so purchased, to ultimate consumers in Kansas. The electricity involved is generated outside the state of Kansas.

On February 16, 1950, the State Corporation Commission of Kansas (hereafter referred to as the commission) entered its order in docket number 39,524-U, whereby, among other things, it was ordered:

"7. That each and every contract, assignment, transfer, renewal, extension, novation or subrogation hereinafter entered into for the supplying, purchase or sale of electric energy for resale by any electric public utility, under the jurisdiction of this Commission shall be of no force and effect until and unless the same shall be first submitted to and approved by the Commission."

Neither Sekan nor KAMO submitted the contract, heretofore referred to, to the commission for approval.

Pursuant to the contract defendant companies began construction of transmission lines and other facilities so as to enable them to carry out the provisions thereof. Plaintiff, being a member and customer of Sekan, brought this action to enjoin Sekan and KAMO from carrying out the contract and from taking any further steps in connection therewith without first obtaining its approval by the commission in compliance with the order heretofore referred to.

As stated, judgment was entered for defendants denying all injunctive relief, and plaintiff has appealed.

In support of the judgment below, defendants contend the transaction under consideration constitutes interstate commerce; that the order of the commission has no application to the interstate transmission of electricity, and that the submission of the contract for approval by the commission would be a direct burden on interstate

commerce in violation of the commerce clause (Article I, Section 8) of the federal constitution.

Plaintiff admits that the transmission of electric power by KAMO from Oklahoma and other states into Kansas for sale at wholesale to a "distributer" such as Sekan, who in turn is to sell it at retail to ultimate consumers, constitutes interstate commerce, but contends that from the Kansas border to delivery at substations to Sekan the undertaking must be considered as intrastate commerce, thereby requiring compliance by both defendants with the order of the commission.

In our opinion plaintiff's contention may not be sustained.

It is to be borne in mind that we are not here concerned with any question of state regulation of Sekan's transactions in selling electricity at retail to its customers. Our sole concern is the contract between KAMO and Sekan. With respect to that, and aside from plaintiff's admission of the fact, there can be no question but that the transmission of electricity by KAMO from other states into Kansas, for sale at wholesale to a distributer, constitutes interstate commerce.

In the case of *Wichita Gas Co. v. Public Service Comm.*, 126 Kan. 220, 268 Pac. 111, this court said:

"The Wichita Gas Company buys its gas of the Empire Natural Gas Company, which owns the pipe line bringing the gas from the state of Oklahoma to Kansas. The Wichita company pays the Empire company 40 cents per thousand cubic feet at the city gate. At one time this court was of the opinion the price was subject to regulation by the public service commission. (*State, ex rel., v. Gas Co.*, 111 Kan. 809, 208 Pac. 622.) This view was corrected by the supreme court of the United States. (*Kansas Natural Gas Co. v. The State, ex rel., sub nom. Missouri v. Kansas Gas Co.*, 265 U. S. 298.)" (p. 228.)

The headnote of the Kansas Natural Gas Co. case referred to, found at *Missouri ex rel. Barrett v. Kansas Natural Gas Co.*, 265 U. S. 298, 68 L. ed. 1027, 44 S. Ct. 544, reads:

"The transportation of gas through pipe lines from one state to another, for sale to distributing companies, is interstate commerce, so that the state authorities have no control over the rates to be charged for it, and the fact that Congress has taken no action in the matter is immaterial."

In that case the question for decision was whether the business of the supplier, consisting of the transportation of natural gas from one state to another for sale, and its sale and delivery to distributing

companies, was interstate commerce, free from state interference. In holding that it was, the Supreme Court of the United States said:

"But here the sale of gas is in wholesale quantities, not to consumers, but to distributing companies for resale to consumers in numerous cities and communities in different States. The transportation, sale and delivery constitute an unbroken chain, fundamentally interstate from beginning to end, and of such continuity as to amount to an established course of business." (p. 309.)

See also *Phillips Petroleum Co. v. Wisconsin*, 347 U. S. 672, 98 L. ed. 1035, 74 S. Ct. 794 (June 7, 1954), in which the same underlying principle is further enunciated. Footnote No. 13, found at pages 683 and 684 of the decision, reads:

"The States have, of course, for many years regulated sales of natural gas to consumers in intrastate transactions. The States have also been able to regulate sales to consumers even though such sales are in interstate commerce, such sales being considered local in character and in the absence of congressional prohibition subject to State regulation. . . . There is no intention in enacting the present legislation to disturb the States in their exercise of such jurisdiction. However, in the case of sales for resale, or so-called wholesale sales, in interstate commerce (for example, sales by producing companies to distributing companies) the legal situation is different. Such transactions have been considered to be not local in character and, even in the absence of Congressional action, not subject to State regulation. (See Missouri v. Kansas Gas Co. (1924) 265 U. S. 298, and Public Service Commission v. Attleboro Steam & Electric Co. (1927), 273 U. S. 83.) . . ."

Under the facts of this case and in the light of the foregoing authorities there can be no doubt but that the transaction encompassed by the contract under consideration, that is, the transmission and sale by KAMO to Sekan, at wholesale, of electric power generated outside the state of Kansas, constitutes interstate commerce and is therefore subject to regulation by the proper federal authorities rather than the commission, all as contended for by defendants.

The judgment of the trial court denying injunctive relief was correct and is affirmed.

ROBB, J., not participating.