Hurd v. Beck.

---

*W. J. HURD, *Plaintiff,* v. M. M. BECK, *Defendant.*

No. 10,391.

HEADNOTE BY THE REPORTER.

QUO WARRANTO—*Expiration of Term of Office.* In quo warranto proceedings to determine the right to a public office where the term of such office expires before a decision in the case is reached the proceedings will be dismissed.

Original proceeding in quo warranto. Opinion filed June 6, 1896. Dismissed.

*Hayden & Hayden,* of Holton, for the plaintiff.

*F. B. Dawes,* attorney-general, for the defendant.

*Per Curiam:* The plaintiff claims that he was appointed and that he duly qualified as a member of the board of directors of the Kansas state penitentiary for the full term beginning April 1, 1893, and ending April 1, 1896, and that on July 8, 1895, the governor made an order for his removal and then appointed M. M. Beck in his place and stead, but that said order of removal was illegal. The petition was filed July 22, 1895, and the defendant answered on August 23, 1895, briefly alleging the proceedings for removal, the order

---

* NOTE.—This case was not officially reported when the opinion was filed and is reported here because it is cited in the case of *The State, ex rel., v. Insurance Co.,* supra.

of his appointment, and stating that he duly qualified and forthwith entered upon his duties as a member of the board, and that he has ever since continued to act as such. The plaintiff demurred to said answer on January 7, 1896, and on February 4, 1896, he filed a motion to advance the cause for hearing, and an order for its advancement was made to the May sitting of the court, when it was heard on the demurrer to the answer as upon the merits. At the time of the order of advancement the court was not informed that the term for which the plaintiff was appointed had so nearly expired, but if we should have advanced the case to the March sitting it is obvious that under the usual procedure of the court no decision would have been reached before April sitting, which would be after the plaintiff's term had expired. If we had then decided, or should now decide the case in favor of the plaintiff, it is evident that he would obtain no substantial right thereby; and the time of this court ought not to be occupied by the consideration of abstract questions of law, however important and interesting they may be. As no substantial right is now involved, we will dismiss the case of our own motion, each party to pay his own costs.