*THE STATE OF KANSAS, ex rel. L. C. BOYLE, as Attorney-general, etc., Appellee, v. THE KANSAS STATE BOARD OF HEALTH et al., Appellants.

No. 10,129.

HEADNOTE BY THE REPORTER.

INJUNCTION—Subject Matter of Action No Longer Exists—Case Dismissed. Where the officers against whom proceedings for injunction were brought have passed out of office and the subject matter of the action no longer exists the case will be dismissed.

Appeal from Shawnee district court. Opinion filed December 11, 1897. Dismissed.

L. C. Boyle, attorney-general, F. B. Dawes, F. P. Harkness, both of Clay Center, and L. W. Wulfekuhler, of Leavenworth, for the appellants.

A. P. Jetmore, county attorney, Joseph G. Waters, and John C. Waters, both of Topeka, for the appellee.

Per Curiam: On December 31, 1894, the state, on the relation of the county attorney, recovered a judgment against The Kansas State Board of Health and the state

* NOTE.—This case was not officially reported (58 Kan. 817, 51 Pac. 1101) when the opinion was filed, and is reported here because it is cited in the case of Anderson v. Cloud County, ante, p. 15.

officers who then constituted the executive council, permanently enjoining them from using or paying out what was designated as the cholera fund. This proceeding was brought to obtain a reversal of that judgment, and we are asked to determine the rights and duties of the parties with respect to that fund. It appears, however, that the fund is no longer extant. It was appropriated by the legislature of 1893, and even under the constitution it would not be available after July 1, 1895. To prevent the money from being drawn from the treasury whatever the judgment of the courts might be, the legislature of 1895 passed an act repealing the provision appropriating the cholera fund, and providing that it should be covered into the general fund in the state treasury. (Laws 1895, ch. 110.) As the officers against whom the proceeding was brought have passed out of office and the subject matter of the action no longer exists, no substantial question remains for our determination, and the court does not feel justified in giving its attention to mere moot questions. As was said in *Hurd v. Beck,* 57 Kan. 911, 88 Kan. 11, 45 Pac. 92:

"The time of this court ought not to be occupied by the consideration of abstract questions of law, however important and interesting they may be." (p. 12.)

The proceeding will, therefore, be dismissed.