J. M. KNIGHT v. A. HIRBOUR, as *Administrator*, etc.

No. 12,087.  (67 Pac. 1104.)

SYLLABUS BY THE COURT.

INJUNCTION—*Review*.  Where a decree of the district court awarding a mandatory injunction has been complied with and the writ obeyed, this court will not consider a proceeding in error brought to reverse such decree when it appears that the subject of the order is no longer in existence.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed March 8, 1902.   Dismissed.

*W. F. Schoch*, for plaintiff in error.

*Chas. F. Spencer*, and *Troutman & Stone*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an injunction suit involving the possessory right to a corpse. The plaintiff in error is an undertaker. In January, 1900, a man was killed by the cars in the city of Topeka. Plaintiff in error took possession of the body without authority of any of the friends or kin of the deceased. Upon learning that the dead man had relatives in Ohio, and that it would be necessary to send the body there for burial, the plaintiff in error, under the claim that in such cases the rules of the board of health required the remains to be encased in a metallic casket, prepared the body for shipment in a coffin the minimum price of which he stated to be $300. Two friends and business associates of the deceased negotiated with another undertaker, who agreed to furnish a metallic-lined casket for $125. The plaintiff in error refused to surrender possession of the body. An administrator of the estate of the dead man was at once appointed, and after communicating with a sister of the deceased he brought this action, praying for a mandatory injunction against Knight, compelling him to surrender possession of the corpse and deliver it to him. The trial court granted to the administrator the relief sought. The body was turned over to the undertaker who furnished the cheaper coffin and was shipped by defendant in error to Toledo, Ohio.

The plaintiff in error complains of the judgment of the district court, and insists that mandatory writs of injunction are unknown to and unauthorized in our

practice, and that the administrator had no such property rights in the corpse with which he could maintain the suit.   His counsel states in his brief: "We are now in this court asking that all things lost by reason of the error of the court below be restored to us by this tribunal."   It is apparent that no order or judgment of this court can restore to the plaintiff in error the possession of the cadaver which he surrendered under the decree of the district court.   For two years past the body has rested in a cemetery in Ohio. It is no longer the subject-matter of controversy between rival undertakers.   While courts of equity having the parties before them may coerce obedience to their decrees, yet when the subject-matter of the suit has ceased to exist, and any order in respect thereto has become impossible of performance, a court will not occupy itself in considering the possessory rights of the parties to the thing in dispute.   In such cases the controversy resolves itself into a moot case, presenting nothing to be adjudicated but the question of costs.

In a *per curiam* opinion of this court (*Parsons v. Tetirick*, 63 Kan. 879, 64 Pac. 1028), it was held that, where the court below granted a peremptory writ of mandamus directing the transfer of bank stock to the plaintiff, and after proceedings in error to the court of appeals the bank became insolvent and a receiver was appointed, who disposed of all of the assets and was discharged by order of the court appointing him, any judgment of this court affirming the judgment below would be impossible of performance.   The proceedings in error were dismissed.   The court said:

"It has been many times held that if, during the pendency of an appeal, the order of mandamus appealed from is obeyed, or if an order has been applied for and denied and an appeal perfected therefrom, and during its pendency the order, if made, has become

impossible of performance, the appeal will be dismissed. (*Ellis v. Whittaker*, 62 Kan. 582, 64 Pac. 62; *Leet v. Board*, 47 Pac. (Cal.) 595; *San Diego School Dist. v. Board of Sup'rs of San Diego Co.*, 97 id. 438, 32 Pac. 517; *State v. Board of Sup'rs of Election*, 49 La. Ann. 578, 21 South. 731; *People v. Squire*, 110 N. Y. 666, 18 N. E. 362; *State v. Napton*, 10 Mont. 369, 25 Pac. 1045; *Bardsley v. Sternberg*, 17 Wash. 243, 49 Pac. 499.) In principle, the case at bar cannot be distinguished. It is clear the order made, from which this proceeding in error is prosecuted, is now by reason of subsequent events incapable of enforcement. The command of this court to carry the same into effect would be nugatory." (See also *Railway Co. v. The State, ex rel.*, 60 Kan. 858, 56 Pac. 755.)

The proceedings in error will be dismissed.

CUNNINGHAM, GREENE, JJ., concurring.