C. G. ANDERSON, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLOUD, *Appellee.*

No. 18,265.

SYLLABUS BY THE COURT.

1. INJUNCTION—*Removal of Bridge—Too Late to Review Ruling Sustaining Demurrer to Petition.* In an action for an injunction to prevent the removal of a county bridge from one location to another a demurrer was interposed to the petition. An application for a temporary injunction was denied after a hearing in which all the material facts presented by the petition were considered. On appeal to this court the law applicable to the case was stated, and the order denying a

temporary injunction was affirmed. The county board then removed the bridge. Afterwards the demurrer to the petition came on for hearing and was sustained. The plaintiff again appeals. *Held,* the ruling sustaining the demurrer will not be reviewed.

2. COUNTIES—*Not Liable for Damages Caused by Removing County Bridge.* The action was brought against the board of county commissioners as a corporate body. The petition contained an allegation that the plaintiff would be damaged by a removal of the bridge in a sum in excess of $5000. *Held,* the petition does not state a cause of action for damages since the law does not impose upon the county an obligation to respond in damages in cases of this character.

Appeal from Cloud district court. Opinion filed June 7, 1913. Affirmed.

*F. W. Sturges,* and *F. W. Sturges, jr.,* both of Concordia, for the appellant.

*A. L. Wilmoth,* of Concordia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff brought suit to enjoin the board of county commissioners from removing a bridge from its location across the Republican river and reestablishing it at another place. The defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The plaintiff made application for a temporary injunction to prevent the removal of the bridge pending the litigation. After a hearing the court made elaborate findings of fact, covering all the grounds for relief presented by the petition, and a temporary injunction was refused. On appeal to this court the judgment of the district court was affirmed on November 9, 1910: (*Anderson v. Cloud County,* 83 Kan. 419, 111 Pac. 464.) There then remained on file in the district court the petition and the demurrer. In May, 1912, the district court sustained the demurrer and rendered

judgment against the plaintiff for costs. The present appeal is taken from that judgment.

It is admitted that after the former appeal was determined the bridge was removed and relocated as the petition charged it would be if the court did not interfere. If the cause were remanded with direction to overrule the demurrer the district court would be unable to prevent the removal of the bridge by the process prayed for. An event occurring subsequent to the filing of the petition has rendered an injunctive order incapable of enforcement. The controversy has been reduced to one concerning an abstract question of law involving nothing of substance to the parties except costs, and appeals are not heard for the determination of matters of costs only. The principle involved is sufficiently discussed in the following cases: *Hurd v. Beck*, 57 Kan. 911, 88 Kan. 11, 45 Pac. 92; *The State, ex rel., v. Board of Health*, 58 Kan. 817, *post*, p. 18, 51 Pac. 1101; *The State, ex rel., v. Railway Co.*, 60 Kan. 858, *post*, p. 20, 56 Pac. 755; *Ellis v. Whitaker*, 62 Kan. 582, 64 Pac. 62; *Teterick v. Parsons*, 63 Kan. 879, *post*, p. 21, 64 Pac. 1028; *Knight v. Hirbour*, 64 Kan. 563, 67 Pac. 1104; *The State, ex rel., v. Insurance Co.*, 88 Kan. 9, 127 Pac. 761.

Doubtless under some circumstances the court might require the state of affairs existing at the time the suit was commenced to be restored. In this instance, however, the right to remove the bridge was recognized by the district court and by this court after full consideration of all the facts and a mandatory order to return it to its former location would be harshly inequitable and unjust.

An argument that the removal of the bridge would in effect destroy the highway was fully considered on the former appeal. (83 Kan. 428.)

The petition contained an allegation that the removal of the bridge would result in damages to the plaintiff

2—90 KAN.

in excess of the sum of $5000. The pleading can not be used, however, as one for pecuniary damages against the defendant because the law does not impose upon a county an obligation to respond in damages for wrongful acts committed by the members of its governing board. (*Comm'rs of Coffey Co. v. Venard*, 10 Kan. 95; *Silver v. Clay County*, 76 Kan. 228, 91 Pac. 55.)

The judgment of the district court is affirmed.