No. 18,398.

FRED MEYN, *Appellant*, v. THE CITY OF KANSAS CITY, KAN., et al., *Appellees*.

SYLLABUS BY THE COURT.

1. TEMPORARY INJUNCTION — *Denied* — *Judgment* — *Appeal* — *Change of Status Quo—Appeal Dismissed*. Where a temporary injunction is denied in an action brought solely to restrain the erection of a viaduct by authority of a city, and the trial court renders judgment for the defendant upon the pleadings, an appeal therefrom will be dismissed if it appears that in the meantime the structure had been completed, at a cost of $70,000.

2. ——— *No Bar to Action for Damages*. In such case the judgment will not be a bar to a subsequent action by the plaintiff for damages.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 6, 1913. Appeal dismissed.

*L. W. Keplinger,* and *C. W. Trickett,* both of Kansas City, for the appellant.

*Richard J. Higgins,* and *William H. McCamish,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

MASON, J.: Fred Meyn brought an action to restrain the city of Kansas City from entering into a contract with two railroads for the construction of a viaduct, and to enjoin proceedings under such contract, including the building of the viaduct. A preliminary injunction was refused, and judgment on the pleadings was rendered in favor of the defendants. The plaintiff appeals.

The defendants have made a showing that the acts sought to be enjoined have already been fully performed, and a dismissal is asked on that ground. The ordinary rule is that in that situation the decision of the

trial court will not be reviewed.   (See 2 Cent. Dig., Appeal and Error, § 75; 1 Dec. Dig., Appeal and Error, § 19.)   The plaintiff contends that he is entitled to a hearing because of the judgment for costs rendered against him, and cites *Cheesebrough v. Parker*, 25 Kan. 566, in support of the contention.   It was there said that the plaintiff in ejectment could have a review of the judgment for costs against him, notwithstanding he had conveyed the property to the defendant pending the appeal.   The action, however, was not merely for possession, but for rents and profits as well.   The rule is settled that in this court "appeals are not heard for the determination of matters of cost only."   (*Anderson v. Cloud County*, 90 Kan. 15, 17, 132 Pac. 996.)

A judgment denying an injunction is sometimes reversed, notwithstanding the act sought to be enjoined has been performed, where, as in tax proceedings, the court has power to restore the original status.   (*Bonnewell v. Lowe*, 80 Kan. 769, 104 Pac. 853.)   This principle seems to have been applied where minor alterations in partitions in rented property were the subject of controversy.   (*Moses v. Salomon*, 135 N. Y. Supp. 408.)   Assuming that the court would have jurisdiction to command the removal of the viaduct here involved, which cost over $70,000, such an order is not to be thought of, and is not asked.

If the judgment in this case were of such a character that its affirmance would constitute an adjudication of any of the plaintiff's rights other than with respect to an injunction, his appeal might be determined upon its merits on that account.   (*Bithulithic Paving Co. v. Highland Park*, 164 Mich. 223, 129 N. W. 46.)   But he sought only injunctive relief.   True, in some circumstances the action might have been converted into one for damages, upon the principle that jurisdiction assumed by a court of equity for one purpose will be retained for all.   (Note, Ann. Cas. 1912 A, 803.)   But the question whether an injunction should issue was not

the same as whether the conduct of the defendants was an invasion of the plaintiff's rights. So .far as the record discloses, the court may have rendered judgment upon the pleadings upon the theory that the. petition showed that the plaintiff had an adequate remedy in an action for damages.

For the reason that nothing is involved in this proceeding except relief by injunction, which can not now be granted, the appeal is dismissed. As a result, the judgment of the district court will remain undisturbed, but it is now interpreted as having to do only with injunctive relief, and it will not be a bar to an action to recover any damages he may have suffered, if the defendants' acts shall be found to have been wrongful.