No. 19,769.

THE PAYNE SHOE COMPANY et al., *Appellants*, V. JOHN
S. DAWSON, as Attorney-general, etc., et al., *Appellees*.

### HEADNOTE BY THE REPORTER.

INJUNCTION—*Restraining Enforcement of "Pure Shoe Law"*—
*Repeal of Statute Pending Appeal—Appeal Dismissed.*
Where pending an appeal from a temporary order enjoining
certain prosecuting officers from enforcing the provisions of
chapter 180 of the Laws of 1913, commonly known as the
"Pure Shoe Law," the statute relating thereto is repealed,
the appeal will be dismissed.

Appeal from Shawnee district court, division No. 1;
ALSTON W. DANA, judge. Opinion filed March 6, 1915.
Dismissed.

*Fred S. Jackson,* of Topeka, and *W. A. Ayres,* of
Wichita, for the appellants.

*S. M. Brewster,* attorney-general, and *James P.
Coleman,* assistant attorney-general, for the appellees.

*Per Curiam:* This action was commenced in the district court of Shawnee county, Kansas, April 1, 1913,
to enjoin the attorney-general and the one hundred
five county attorneys of the state of Kansas from
enforcing the provisions of chapter 180 of the Laws of
1913, commonly called the "Pure Shoe Law." A temporary injunction against all the defendants was issued.
The defendants filed a demurrer to the petition. This
demurrer was sustained. Judgment was rendered in
favor of the defendants, but the temporary injunction
was continued in force until the appeal should be heard
in this court. The plaintiffs appeal.

By House bill No. 271, passed by the legislature of
this state, now in session, approved by the governor
February 11, 1915, published February 15, 1915, and

taking effect from and after its publication, chapter 180 of the Laws of 1913 was repealed. The repeal of this law renders this litigation practically useless. In *The State, ex rel., v. Insurance Co.,* 88 Kan. 9, 127 Pac. 761, this court said:

"The court is not required to give judgments that are not effective. (*Stebbins v. Telegraph Co.,* 69 Kan. 845, 76 Pac. 1130.) When questions become moot, judicial action will cease." (p. 10; *Ziegler v. Hyle,* 45 Kan. 226, 25 Pac. 568; *Ellis v. Whitaker,* 62 Kan. 582, 64 Pac. 62; *Knight v. Hirbour,* 64 Kan. 563, 67 Pac. 1104; *Kansas City v. The State,* 66 Kan. 779, 71 Pac. 1127; *Waters v. Garvin,* 67 Kan. 855, 73 Pac. 902; *Jenal v. Felber,* 77 Kan. 771, 95 Pac. 403; *Duggan v. Emporia,* 84 Kan. 429, 114 Pac. 235; *City of Ottawa v. Barnes,* 87 Kan. 768, 125 Pac. 14; *Hurd v. Beck,* 88 Kan. 11, 45 Pac. 92; *The State, ex rel., v. Insurance Co.,* 88 Kan. 204, 127 Pac. 762; *Anderson v. Cloud County,* 90 Kan. 15, 17, 132 Pac. 996; *The State, ex rel., v. Board of Health,* 90 Kan. 18, 51 Pac. 1101; *The State, ex rel., v. Railway Co.,* 90 Kan. 20, 56 Pac. 755; *Teterick v. Parsons,* 90 Kan. 21, 64 Pac. 1028.)

There is nothing left in the case, except costs. Following the rule declared in the cases above cited, the appeal in this action is dismissed.

DAWSON, J., not sitting.