No. 17,302.

C. F. HARDER, *Appellant*, v. THE YATES CENTER WATER, LIGHT & POWER COMPANY et al., *Appellees*.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. INJUNCTION — *When Mandatory Injunction Should Issue.* Whether a mandatory injunction requiring a restoration of the property to its former condition should be granted usually depends upon the consideration of the equities between the parties.

2. WATERCOURSE—*Obstruction—No error in Refusing Mandatory Injunction.* In a suit by which plaintiff sought to enjoin the erection of a dam in a stream which he claimed is a natural watercourse no restraining order or temporary injunction was obtained, and when the cause was tried the dam had been in existence for more than four years. It was erected by the defendants for the purpose of furnishing a supply of water to a city. There was testimony to the effect that the dam diverted the natural flow of the stream through portions of plaintiff's land, and in times of high water caused about an acre of pasture land of the plaintiff to be sub merged. The court made no findings of the facts but rendered a judgment in favor of defendants. *Held*, that no error is shown in the refusal to grant a mandatory injunction requiring the destruction of the dam and the restoration of the stream to its former condition.

Appeal from Woodson district court; OSCAR FOUST, judge. Opinion on rehearing filed May 8, 1915. Affirmed. (For original opinion of dismissal see 93 Kan. 177.)

*S. C. Holmes*, of Yates Center, for the appellant.

*F. W. Casner*, of Kansas City, Mo., for the appellees; *G. H. Lamb*, and *W. E. Hogueland*, both of Yates Center, of counsel.

The opinion of the court was delivered by

PORTER, J.: This is a suit by which the plaintiff sought to enjoin the erection of an obstruction consisting of a dam in a stream which the petition alleged is a

natural watercourse. In the original petition, which was filed December 26, 1905, it was alleged that the defendants were threatening to construct the dam in question; that plaintiff owned two tracts of land, one comprising a half section and the other a quarter section through which Owl creek runs, and that the erection of the dam would deprive him of the natural flow of the stream through a part of the land and would cause other portions of his lands to be flooded. The petition was amended at various times, and in May, 1907, the Yates Center Water, Light & Power Company was made a defendant. No restraining order or temporary injunction was obtained and the record does not show that any was applied for. Before the case reached trial the defendants had finished the erection of the dam. In fact it was completed about March 1, 1906, and the case was not tried until April 20, 1910. The district court rendered judgment in favor of the defendants, and against the plaintiff for costs.

In a former opinion (*Harder v. Power Co.*, 93 Kan. 177), the action was dismissed on the ground that the motion for a new trial was filed more than three days after judgment. Our attention having been called to the fact that there was a mistake in the printed record and that the motion for a new trial was filed in due time, a rehearing was granted.

The first error assigned is the refusal to strike from the answer of the Yates Center Water, Light & Power Company certain allegations and exhibits; second, the admission of incompetent and immaterial testimony. Both claims of error are based on the same contention. The motion to strike was leveled at portions of the answer alleging that the water company had entered into a contract with the city of Yates Center to provide water for the use of the city, and the evidence objected to was offered for the purpose of proving the same allegations. The trial was by the court, and there was no error in the refusal to strike the statements

from the answer, and, of course, no prejudicial error in the admission of testimony that may have been incompetent. The rule is well established that a judgment supported by competent evidence will not be reversed for the admission of incompetent evidence in a trial by the court.

The main contention is that the court erred in refusing an injunction. We can agree with plaintiff that the great weight of the evidence offered by both sides seems to establish that Owl creek is a natural watercourse, notwithstanding there are times when the water does not run. The evidence shows that the stream heads about a mile above plaintiff's lands and drains about five sections; that it is fed by springs, and when the water is low there are standing pools; that it abounds in fish, has a well-defined channel with high banks on one side and with heavy trees growing along the banks. But if it were conceded that it is a natural watercourse it would not necessarily follow that plaintiff was entitled to the relief sought. When the cause came on for trial the suit had become one for a mandatory injunction to require defendants to remove the obstruction, which means to remove the dam and restore the stream to its natural state. While it is true that the evidence of both plaintiff and defendants shows that the dam at times backs the water upon a few acres of plaintiff's pasture land and that it diverts the natural flow of the stream from his lands below the dam, still it can not be said that it was error to refuse to order the dam destroyed. The granting of an injunction in a case of this kind rests in the sound judicial discretion of the court. The judgment is a general one against the plaintiff. There are no findings of fact from which we may ascertain upon what ground the court denied the injunction. So far as the record discloses, no findings were requested. If there were findings of fact plaintiff might be in a much better position to urge error in the refusal of the court to grant him relief. In considering

whether an injunction should be granted the court doubtless took into consideration the long delay in bringing the cause to trial; that no temporary injunction was sought; the inconvenience and damage resulting to plaintiff by permitting the dam to remain where it is, and the consequences to the defendants, and to the city of Yates Center, in case a mandatory injunction were granted.

At the close of the evidence, at the request of both plaintiff and defendants, the judge of the district court visited the premises, "viewed the landscape o'er," and came to the conclusion that the plaintiff was not entitled to the relief sought.

The defendants offered some evidence in support of their contention that Owl creek is not a natural watercourse; that the dam impounds surface water, and that they use less than one per cent of the flood waters; that about ninety-nine per cent of the water falling upon the watershed above the dam finds its way either by the spillway at the end of the dam or through seepage to the lands of the plaintiff lying below the dam, and that the dam is provided with a drainage pipe through which the water is at times allowed to escape when defendants have more than they need for their own purposes. Their evidence also is to the effect that only a very small portion of the plaintiff's lands above the dam is ever flooded by water backing up in times of flood. There was some testimony to the effect that the amount of the plaintiff's lands thus submerged would be less than an acre. Doubtless the court concluded that plaintiff had a remedy in an action to recover whatever damages he sustains by the backing up of water on his land as well as any damages he may have suffered by reason of the erection of the dam.

Whether a mandatory injunction requiring the restoration of the property to its former condition shall be granted usually depends upon a consideration of the equities between the parties. (*Gilmore v. Salt Co.*,

84 Kan. 729, 115 Pac. 541, 34 L. R. A., n. s., 48. See, also, cases cited in Note, 22 Cyc. 782; also *Meyn v. Kansas City*, 91 Kan. 29, 136 Pac. 898.)

"In all cases the court takes into consideration the relative inconvenience to be caused to the parties, and will refuse an injunction if it appears inequitable to issue it." (22 Cyc. 783.)

An injunction will not be issued even to enforce a strictly legal right where equity and good conscience does not require it. (*Railway Co. v. Meyer*, 62 Kan. 696, 64 Pac. 597.) In the case last cited an injunction was sought to restrain the obstruction of a natural watercourse. It was conceded that about one and a half acres of plaintiff's land would be affected by water made higher by the obstruction. The opinion, after stating that this would happen "only at rare intervals and for a short period of time," used this language:

"It is impossible in the nature of things that much, if any, damage could result to the defendant in error, and, if damages should so result, they are easily measured by a money consideration, and in no sense can be great or irreparable," (citing *Blaine v. Brady*, 64 Md. 377, 1 Atl. 609). (p. 700.)

The plaintiff has failed to show error in the proceedings in the court below, and the judgment is affirmed.