No. 22,842.

SCHOOL DISTRICT No. 1, in Trego county, et al., *Appellees,* v.
H. F. KLINE, as Mayor of the City of Wa Keeney, et al., *Ap-
pellant.*

SYLLABUS BY THE COURT

INJUNCTION—*Questions Presented on Appeal No Longer a Matter of
Controversy—Appeal Dismissed.* A city ordinance requiring the clos-
ing of public schools in the city during the existence of an emergency,
caused by a general scarcity of fuel, was held void, and the city was
enjoined at the suit of the school authorities from closing the schools.
The city appealed without staying the judgment, and before the appeal
could be determined the emergency had passed. *Held,* that the va-
lidity of the ordinance is no longer a matter of controversy which
affects the rights of either party, for no decision the court might make
could furnish the basis for an order that could be carried into effect.

Appeal from Trego district court; ISAAC T. PURCELL, judge.
Opinion filed November 6, 1920. Dismissed.

*Herman Long,* of Wa Keeney, for the appellants.
*John R. Parsons,* of Wa Keeney, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The appeal is from an order granting an injunction restraining the enforcement of a city ordinance.

On December 10, 1919, the city of Wa Keeney enacted an ordinance prohibiting the use of fuel for certain purposes "until such time as further supplies may be obtained . . . in accordance with the rules and regulations of the national fuel administration." The title of the ordinance set forth its purpose, which was to provide for "the conservation of the fuel supply during the existing emergency." The ordinance prohibited public assemblages, other than funerals; prohibited the usual and ordinary church services and lodge meetings oftener than once each month, and provided for the closing of public schools, theaters, moving-picture shows, pool halls and billiard halls, but permitted a few kinds of business, deemed essential, to remain open during certain hours each day. Appropriate fines and forfeitures for the violation of the ordinance were provided.

The public school authorities of the city brought this action, alleging that the ordinance was unreasonable, arbitrary and oppressive, and that the city was without authority to interfere with the operation of the public schools, alleging further that the schools had on hand a sufficient supply of coal to continue operation. The answer of the defendants set forth a copy of the ordinance and admitted the intention of the city to enforce its provisions. The court sustained a motion for judgment in plaintiffs' favor on the pleadings, and granted the injunction restraining defendants from closing the public schools. The defendants appeal.

No stay of the judgment was procured by the defendants and the appeal was permitted to take its ordinary course, no attempt being made to have the cause advanced for an early hearing.

It is apparent that the questions presented by the appeal have become moot by reason of the fact that the ordinance has spent its force. It was enacted to cover an emergency which no longer exists. The mere appeal from the judgment did not stay the proceedings and the school authorities were permitted to continue the operation of the school during the existence of

Mathews v. Insurance Co.

the emergency. The validity of the ordinance is no longer a matter of controversy which affects the rights of either party. No order this court might make could be carried into effect. The case therefore becomes moot, leaving nothing to be determined except an abstract proposition of law which concerns neither party. (*Knight v. Hirbour*, 64 Kan. 563, 67 Pac. 1104; *Anderson v. Cloud County*, 90 Kan. 15, 132 Pac. 996, and cases cited in those opinions.)

The appeal is dismissed.