No. 26,256.

J. F. TRUE, C. P. GEIBER, FRED MICHAEL, H. C. BAYNE, J. L. SHIR-
LEY, and CHARLES GRAMSE, *Appellants,* v. GEORGE W. McCOY,
AMOS H. LEECH and ARTHUR HAYNES, County Commissioners of
the County of Jefferson, *Appellees.*

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Benefit Districts—Injunction to Prevent Construction.* Record
of an action by taxpayers to enjoin a board of county commissioners from
proceeding with the construction of an improved road in a duly organized
road benefit district examined, and *held:* (*a*) that the construction of the
road pursuant to regular authorization of the county board had progressed
so far before plaintiffs' action was begun that the trial court did not err in
denying the injunction; and *held,* also, (*b*) that since the improved road
has been virtually completed prior to the time this appeal was submitted to
this court, and no decision this court might now reach could accomplish
any substantial ·object sought by plaintiffs, our judgment must necessarily
be an affirmance or a dismissal of the appeal.

2. SAME—*Benefit Districts—Recall Petition—Injunction.* Where a proper pe-
tition to organize a road benefit district for the improvement of a public
road was presented to a board of county commissioners on May 5, 1919,
and the district was regularly organized pursuant thereto on May 28, 1919,
following which the proposed improved road was approved as a federal-aid
project by the state highway commission, and in the succeeding period prior
to March 4, 1924, much of the preliminary engineering work was done and
paid for, land was purchased and paid for to eliminate dangerous railway
crossings, and bonds were authorized and their sale contracted, contracts for
subdivisions of the work of grading and draining were let, and the work partly
done and partly paid for, and federal funds were received and disbursed in
payment of part of the cost of the improved road, a petition of resident
landowning taxpayers presented to the county board on March 4, 1924, pray-
ing for the recall of the petition of May 5, 1919, and for a total suspension
of construction work on the road, was properly rejected and ignored by the
county board; and in an action by such taxpayers, following rejection
of the recall petition, an injunction against the county board to compel fav-
orable action on the recall petition and to halt the construction of the
road improvement and to prevent disbursement of funds and the levying of
taxes in payment therefor was properly denied.

3. SAME—*Benefit Districts—Partial Completion of Work—Effect of Recall Pe-
tition.* When a petition to organize a road benefit district has served its
purpose, and the district is regularly organized, and substantial and orderly
progress in the improvement of the road petitioned for has been accom-
plished pursuant thereto, it is then too late for a recall petition authorized
by R. S. 68-601 to be effective in nullifying the original petition under

1. Appeal and Error, 4 C. J. §§ 2396, 2541; Injunctions, 32 C. J. § 24.   2.
Highways, 29 C. J. § 272.   3. Id.

True v. McCoy.

which the district was organized and the work of road improvement begun—following *State, ex rel., v. Franklin County,* 115 Kan. 531, 536, 223 Pac. 261.

Appeal from Jefferson district court; MARTIN A. BENDER, judge. Opinion filed December 5, 1925. Affirmed.

*Hugh T. Fisher* and *E. B. Smith,* both of Topeka, for the appellants.

*Lloyd Morris,* county attorney, *W. O. Worswick, H. T. Phinney,* all of Oskaloosa, *Robert Stone, Geo. T. McDermott, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, for the appellees.

The opinion of the court was delivered by

DAWSON, J.:    This is an appeal from a judgment of the district court in favor of the board of county commissioners of Jefferson county denying an injunction sought by certain landowners and taxpayers to halt construction of an improved road in Golden Belt Highway benefit district No. 2, and to prevent the expenditure of money and the levying of taxes in payment therefor.

In the action below, plaintiffs also sought to have the county board accept a resident landowning taxpayers' petition filed with the board on March 4, 1924, recalling the petition filed with the county board in 1919 under which benefit district No. 2 had been organized on March 28, 1919.

The pleadings and the agreed statement of facts covering the controlling features of this lawsuit disclose that the requisite petition to organize the benefit district was presented to the board of county commissioners on May 5, 1919, and on May 28, 1919, by appropriate action the district was organized and designated as the Golden Belt highway benefit district No. 2. The district lies in Jefferson county a few miles east of Topeka and immediately north of the Kansas river. The main line of the Union Pacific railway crosses the district from west to east, and the improved road involved in this lawsuit approximately parallels the railway from section 24, town 11 south, range 17 east, to section 35, town 11 south, range 19 east, for about 12.4 miles.

Following the organization of the district, the county board transmitted to the state highway commission a record of its proceedings for its approval as a federal-aid project. This was granted. It also appears that in 1917 the state highway commission had ordered the elimination of certain dangerous highway crossings over the Union Pacific railway thereabouts. Some irregularity in this order

required it to be republished in 1921. The improved road of present concern conforms to these orders of elimination. The work of constructing the improved road of this benefit district was divided into sections or projects, or both. The record is decidedly cloudy on these details, but there is no material dispute that at various times during the years 1919 to 1923, inclusive, and into the early months of 1924, a large amount of work had been done on this road. The preliminary engineering work at a cost of $215 per mile for eight miles had been completed and paid for; land had been purchased and paid for to eliminate the dangerous railway crossings; and bonds had been authorized and their sale contracted. Contracts for subdivisions of the work of grading and filling had been executed, and the work done and paid or partly paid' for, and federal-aid funds had been received and disbursed for construction work done on this road. The county engineer testified that the work proceeded leisurely according to his practice of having the grading and draining done from a year to three years before hard-surfacing.

On March 4, 1924, a petition signed by a majority of the resident landowners of the district was filed with the county board praying a recall of the petition of May 5, 1919, under which the district had been created. Among other matters the petition recited:

"We desire to recall said petition for the following reasons:

"1. The farming industry has reached a period of depression, which calls for economy and reduced taxes.

"2. Cost of labor and materials are now very high, making road construction work at this time extremely expensive.

"3. High taxes are already a heavy burden, and we believe it is not a proper time to increase our taxation by carrying on expensive road improvements that will involve the payment by us of special assessments.

"4. No assessments have been made as yet, and it is proper at this time to recall the petition."

The county board declined to consider this petition, and on April 29, 1924, these plaintiffs brought this action. The cause was heard on the pleadings, agreed facts, and on the evidence adduced, and the trial court denied the injunction and gave judgment for defendants.

Plaintiffs appeal. The litigants have submitted the cause upon abstracts, briefs and oral arguments, but defendants have also pressed upon our attention a motion to dismiss, which they support with an affidavit of the county engineer, together with the facts disclosed by the record:

"1. That the appeal should be dismissed because the question has become moot.

"2. That private citizens cannot question the integrity of a municipal taxing district.

"3. That the situation is not an apt one for the recall of petitions as provided by section 68-601 of the Revised Statutes of Kansas, 1923.

"4. If it is an apt situation for such recall, that the recall petitions were filed too late; and in that connection will urge that after the commissioners have granted petitions and declared the road to be a public utility, and the thirty days for questioning the act have elapsed, that the district cannot be disorganized by the use of recall petitions."

The county engineer's affidavit in support of this motion shows that at this time the entire road, less about a quarter of a mile, is virtually completed, including the construction of one bridge costing $16,000, and that one bridge costing $48,000 is nearing completion and has been partly paid for, and that over $50,000 has been expended for construction work and culverts, and—

"That nothing remains to be done on any of the contracts in connection with the construction of said road excepting the completion of the bridge at Perry and the completion of a part of the grading of the road near Perry, and which is now under contract. . . .

"That he knows that bonds of the county have been issued on account of said work in the sum of $30,000 and the county has received the full contract price for said bonds and has expended the same upon said construction, and taxes have been levied to provide for the payment of the interest and principal of said bonds."

The court is impressed with part of appellees' argument in support of the motion to dismiss. The situation here presented is not readily distinguishable from that presented in precedent cases cited by appellees, which declare the self-evident proposition that wrongs already committed, or acts done whether lawful or unlawful, cannot be corrected or prevented by injunction. (*City of Alma v. Loehr*, 42 Kan. 368, 22 Pac. 424; Knight v. Hirbour, 64 Kan. 563, 67 Pac. 1104.) It is a rule of practice that this court will not consider and decide questions when it appears that any judgment it might enter would be unavailing. (*Jenal v. Felber*, 77 Kan. 771, 95 Pac. 403, and citations; *Stebbins v. Telegraph Co.*, 69 Kan. 845, 76 Pac. 1130; *Plumbing Co. v. Journeymen Plumbers,* 87 Kan. 671, 125 Pac. 14, and citations; *State, ex rel., v. Insurance Co.*, 88 Kan. 9, 127 Pac. 761; *Anderson v. Cloud County*, 90 Kan. 15, 132 Pac. 996; *Shoe Co. v. Dawson*, 94 Kan. 668, 146 Pac. 996, and citations; *School District v. City of Wakeeney*, 107 Kan. 667, 193 Pac. 328.)

It will be noted that the relief sought by plaintiffs in this action was that the county board be enjoined—

"From letting any contracts, doing any work, expending any money, making any obligations, or drawing any warrants or evidence of indebtedness upon any fund which will necessitate and result in any special taxation, and requiring the board to accept the recall petition."

It seems rather clear from the pleadings and agreed statement of facts, and also from the evidence adduced at the trial, that prior to the institution of this action in the trial court, most if not all of the matters which plaintiffs sought to have enjoined had been undertaken and some of them were well on their way toward completion. Contracts had been let, work had been done, money had been expended and obligations had been created. In the absence of an express statute to that effect, injunctive relief is not demandable as a matter of strict right. It is discretionary with the trial court whose equitable jurisdiction is invoked. There is a statute which authorizes a taxpayer to bring and maintain injunctive proceedings to prevent the levy of illegal taxes or assessments or the incurring of illegal obligations which may create a public burden (R. S. 60-1121), but this action was not instituted under that statute. Indeed, the plaintiff's petition alleged that the Golden Belt highway benefit district No. 2 was lawfully organized on May 28, 1919, pursuant to a proper petition filed May 5, 1919.

The legislation authorizing the creation of this road benefit district in the spring of 1919 was chapter 265 of the Session Laws of 1917 and chapter 246 of the Session Laws of 1919. Later legislation, which needs perusal on the questions involved herein, was chapter 217 of the Laws of 1921, which particularly concerned itself with the creation of certain road funds and the apportionment of auto license fees thereto. In 1923, by chapter 175, section 1 of the act of 1921 was amended and elaborated, and there was inserted in the middle of such amended section a seemingly irrelevant clause, viz.:

"*Provided,* That a majority of the landowners in any benefit district may by petition recall such petition in said county." (R. S. 68-601.)

There is nothing in the statute, original or amended, to which it can be confidently asserted that this anomalous clause refers. The presumption has been judicially indulged that it refers to the petition which gives the initiative to the county board to organize an improved road benefit district, under other statutes, Laws of 1917, chapter 265, and Laws of 1919, chapter 246.

The first of these statutes (Laws 1917, section 1) contained a provision reading:

"After the filing of a petition with the board of commissioners no signer thereon shall be permitted to withdraw his name therefrom."

The act of 1919, chapter 246, section 1, which amended the act of 1917, contained the following:

"And no action shall be brought to restrain the making of such improvements, or payment therefor, or levy of taxes or special assessments or issuance of bonds therefor, on the grounds of any illegality in said petition, or in any proceedings prior to said order, or in said order, unless such action be commenced within thirty days after the date of said order; . . . Thirty days after the filing of a petition with the board of commissioners no signer thereon shall be permitted to withdraw his name therefrom." (R. S. 68-701.)

This statute is still extant, and its continued validity is expressly recognized in the Laws of 1925, chapter 216, section 1.

The section of the act of 1923 (R. S. 68-601) which contains the proviso that by a petition of a majority of the landlords affected the prior petition under which the road benefit district had been organized can be recalled—if that is what it means, and if it ever had any validity as a germane amendment to the subject-matter of the statute with which it sought to deal—has now been repealed by section 9 of chapter 214, Laws of 1925. However, it was during the life of this proviso and by whatever potency attached to it in section 1 of chapter 175, Laws of 1923, that plaintiffs sought to maintain this action.

But disregarding altogether the question whether the action sought to be maintained could in any circumstances have been successfully instituted under R. S. 60-1121 or whether aggrieved parties were limited to the action impliedly given in R. S. 68-701, and even conceding that some relief could have been granted these plaintiffs in the trial court, it is perfectly obvious that no judgment this court could now make or direct the trial court to make could accomplish any substantial object sought by plaintiffs in this action. The improved road with its relevant bridges and pertinent improvements has been constructed. It is *fait accompli*. So whether this cause be disposed of on appellees' motion to dismiss or reviewed *in toto*, our conclusion can only be the alternative one of dismissal or an affirmance.

There is, however, one feature of this appeal not necessarily subject to a dismissal. That is the matter of plaintiffs' demand in the

trial court that the defendant county board should be required to accept and act upon the recall petition filed March 4, 1924. But the petition of 1919, which the petition of 1924 sought to recall, had served its purpose; it was *functus officio* several years before the recall petition was presented to the county board. The recall petition could not restore to life the petition of 1919 for the mere purpose of nullifying it. This question was fully considered in *The State, ex rel., v. Franklin County*, 115 Kan. 531, 536, 223 Pac. 261, where it was said:

"The petition sought to be recalled initiated the proceeding by which the district was created and the federal-aid road project planned. When these things were done the ordinary purposes of the petition had been accomplished. The proviso in the act is that a petition may be recalled, but it does not purport to authorize the abolition of a municipal district nor terminate a duly constituted federal-aid road project. The legislature we think did not contemplate doing more than to recall or cancel a petition which had not yet fully served its purpose. . . . The only authority given in this respect is to recall the petition, and it must be inferred that a recall may be made when the petition is a live document and is subject to recall. It is not necessary to determine at what stage of the proceedings the petition has served its purpose and has passed beyond recall. For present purposes it is enough to say that when a district has been organized and the project carried out to the extent that was done in this instance, an attempt to recall the petition is abortive."

One other matter discussed in the briefs is noted. The plaintiffs express some solicitude as to whether the county commissioners will make the proper apportionment of assessments for certain eliminations of railway crossings involved, or which may be involved, in the aggregate cost of this road. That is a matter which was not properly in issue in this case nor was it determined by the trial court. Anything we might say on the question would be inconclusive, since parties who might be concerned are not before this court.

The record contains no prejudicial error which would justify a disturbance of the judgment of the trial court; and that judgment is therefore affirmed.