No. 35,033

The Dickey Oil Company, *Appellant*, v. Earl F. Wakefield, *Appellee*.

(111 P. 2d 1113)

Opinion filed April 12, 1941.

*W. D. Jochems, J. Wirth Sargent, Emmet A. Blaes* and *K. W. Pringle,* all of Wichita, for the appellant.

*J. B. McKay,* of El Dorado, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an injunction suit. Defendant's demurrer to plaintiff's petition was sustained, and plaintiff appeals.

At the outset of this appeal we are confronted with the contention of appellee that the real question involved in the injunction suit has become moot and that the appeal should be dismissed. If the real issue is now moot we, of course, will not entertain the appeal. The general nature of the action and developments subsequent to its filing may be briefly stated as follows:

The suit was filed in the district court of Sedgwick county. The plaintiff, The Dickey Oil Company (appellant), is a corporation

with its principal office located at Wichita, Kan. The defendant, Wakefield (appellee), also resides in Sedgwick county. Personal service of summons was had on defendant in Sedgwick county. Plaintiff and defendant are owners and operators of producing oil wells on adjoining leases in Ellis county. The wells of plaintiff and defendant are producing oil from the same formation or common reservoir. The state corporation commission, acting pursuant to statute and in order to provide for ratable taking of oil within pools, had issued orders, rules and regulations specifying the percentage of the potential capacity which the various prorating wells were permitted to produce. Defendant overproduced his wells in violation of such orders while plaintiff was complying with such regulations. It was claimed defendant was draining the oil from plaintiff's premises and that plaintiff was suffering irreparable loss and damage and would continue to suffer such loss and damage unless defendant was restrained and enjoined from violating the rules of the commission. It was alleged plaintiff had no plain, adequate and complete remedy at law. The petition also alleged the commission had promulgated its rule 113, which provided:

"Wells or leases which have produced in excess of their allowable for any allowable period shall be closed until such overproduction has been equalized, unless otherwise ordered by the commission."

It was further alleged defendant had at no time shut down his wells until overproduction was equalized and that appellee had obtained no special order from the commission permitting him to continue to operate his wells.

The extent or duration of the injunction sought requires notice. Appellant prayed that appellee be restrained and enjoined from operating his wells on the tracts described—

". . . until the overproduction from said wells has been equalized in accordance with rule 113 of the Kansas Corporation Commission, and that upon hearing a temporary injunction issue against defendant so enjoining him and that upon final hearing a permanent injunction be issued against the defendant so enjoining him until said rule 113 has been fully complied with, and for costs herein and for such other and further relief as to the court may seem proper." (Emphasis supplied.)

Pursuant to that prayer a restraining order was accordingly issued May 13, 1940, restraining and enjoining defendant from operating his wells "until the overproduction from said wells has been equalized with that of other wells in the Burnett pool in accordance with the provisions of rule 113 of the commission." Plaintiff posted a

bond running to defendant in the sum of $3,000. Defendant's demurrer to the petition was heard and sustained on May 29, 1940. The restraining order was vacated and set aside. Appellant did not seek leave to amend and the action was dismissed, at the costs of plaintiff.

Defendant directs our attention to the fact that according to the records of the corporation commission he is not now producing and has not since January 31, 1941, produced in excess of the allowable fixed by the commission and that his production has in fact become equalized as prayed for by plaintiff. While defendant contends the demurrer was properly sustained he also contends nothing could be accomplished by a review of the ruling. In other words, defendant insists that since his production has become equalized in accordance with the rules of the commission, plaintiff now has the complete relief it sought by the injunction suit.

Plaintiff does not deny that production from defendant's wells has now been equalized, and the records of the commission disclose the production has been equalized. The rule that this court will not consider and decide a question when it appears that any judgment it might render would be unavailing has been applied frequently and under varying circumstances. (*Meyn v. Kansas City,* 91 Kan. 29, 136 Pac. 898; *City of Topeka v. Ritchie,* 102 Kan. 384, 170 Pac. 1003; *State v. Gas Co.,* 102 Kan. 712, 172 Pac. 713; *Geinger v. Krein,* 103 Kan. 176, 173 Pac. 298; *White v. Atchison County,* 109 Kan. 98, 197 Pac. 1092; *Cromb v. Cole,* 114 Kan. 171, 216 Pac. 1098; *Ellis v. Landis,* 118 Kan. 502, 235 Pac. 851; *True v. McCoy,* 119 Kan. 824, 241 Pac. 249; *Citizens State Bank v. Clark,* 126 Kan. 162, 266 P. 2d 932; *Achenbach v. Baker,* 151 Kan. 827, 101 P. 2d 937.) These are only a few of the numerous cases in which the rule has been stated.

Plaintiff contends the issue should not be regarded as moot for the reasons the question involved is one of public interest, the corporation commission is interested in knowing the nature and extent of its jurisdiction, the oil operators desire to ascertain whether a remedy is available to them in the courts under the circumstances, and that if the appeal is dismissed plaintiff may be confronted with an action for damages on the bond for the wrongful issuance of the restraining order.

We can understand that plaintiff is anxious to have the appeal decided on its merits. Defendant appears equally interested in the

legal questions involved. This court likewise is interested in the legal issues presented and is tempted to consider the appeal on its merits. It must, however, be remembered this is not the only appeal in which the question of a moot issue has been or will be raised. Nor can we be unmindful of what has been said in the past upon the subject of moot issues on appeal.

The instant action is distinctly one between private litigants. The corporation commission is not a party to the action. Moreover, the rule against deciding moot issues on appeal has been applied by this court in various actions in which there was as great, or possibly greater, public interest involved than in the instant case and in which the state or public bodies were parties to the action. (See cases, *supra.*)

It is true that since plaintiff stood on the adverse ruling on the demurrer and did not ask leave to amend, the costs were taxed against the plaintiff. The rule is well settled that in this court appeals are not heard for the determination of costs only. (*Anderson v. Cloud County,* 90 Kan. 15, 17, 132 Pac. 996; *Meyn v. Kansas City,* supra, p. 30.)

The question of plaintiff's possible future liability on the bond has, of course, not been adjudicated, and that issue could not be here on the instant appeal. The dismissal of this appeal on the ground the question is now moot could not constitute an adjudication of any of plaintiff's rights other than with respect to the injunction. In *Meyn v. Kansas City,* supra, this court said:

"If the judgment in this case were of such a character that its affirmance would constitute an adjudication of any of the plaintiff's rights other than with respect to an injunction, his appeal might be determined upon its merits on that account. (*Bithulithic Paving Co. v. Highland Park,* 164 Mich. 223, 129 N. W. 46.) But he sought only injunctive relief." (p. 30.)

That is the exact situation in the instant case. The precise relief originally sought by injunction has been fully obtained. Any judgment this court might render now touching the injunctive relief sought could not make that relief any more efficient or effectual. Plaintiff now has that which it sought.

The fact a decision of this court upon the merits might be a guide to oil producers or even to the commission on future matters would not justify our entertaining a moot question, even if the commission were in fact a party to the instant action. In *Ellis v. Landis,* supra, it was stated:

"Obviously the case has become moot, the acts sought to be prevented having already taken place. *The appellants urge that the questions of law argued should be decided for the guidance of the school authorities for the future.* There being no actual controversy now before the court, anything said on the subject would not amount to a judicial decision, and we but follow the usual course in such a situation in dismissing the appeal. (*Meyn v. Kansas City,* 91 Kan. 29, 136 Pac. 898.)" (p. 502.) (Emphasis supplied.)

Plaintiff also contends the question should not be held moot where dismissal of the appeal might result in an action, or liability, on the bond. (4 C. J. S. 1945, § 1354; *Morrison v. Hess,* 231 S. W. 997, 18 A. L. R. 433.) In *Geinger v. Krein,* 103 Kan. 176, 173 Pac. 298, it was held:

"The court will not consider the merits of an appeal from a judgment of forcible detention, rendered against a tenant claiming under a lease, after the lease has expired; and the fact that in the course of the litigation the tenant has given bond not to commit waste and to pay double value of the use, and damages, does not give him a continuing right to a decision on the merits." (Syl.)

On the general subject of deciding mooted issues of law or fact on appeal see, also, *Clewell v. School District,* 115 Kan. 176, 222 Pac. 74; *State, ex rel., v. Smith,* 140 Kan. 461, 463, 36 P. 2d 956.

The appeal must be dismissed. It is so ordered.