## No. 37,595

A. A. ROW, HARRY ROW, C. C. LINE, C. H. PRICE, CLARENCE HAMPTON and ORVILLE SCHULTZ, *Appellees*, v. L. L. ARTZ and R. E. CRABBS, *Appellants*.

(211 P. 2d 66)

Opinion filed November 12, 1949.

*Evart Garvin*, of St. John, argued the cause, and *Robert Garvin* and *Morris Garvin*, both of St. John, were with him on the briefs for the appellants.

*Vincent G. Fleming,* of Larned, argued the cause, and *W. H. Vernon,* of Larned, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This action originated as one to enjoin defendants from interfering with plaintiffs' rights to enjoy the privileges of a duck hunting club with the defendants. It was expanded into an action for the dissolution of the club, an accounting and for division of the net proceeds of the sale of the club's personal property.

There were eight members in the club. Six plaintiffs brought the action. Four of them prevailed and defendants, the other two members of the club, have appealed. There is no cross-appeal by the defeated plaintiffs.

The injunctive relief sought pertained to the 1947 duck hunting season. That season has long since passed and any judgment this court might now render touching the question appellees' right to enjoy the privileges of the club for that season would be wholly unavailing. All questions touching the judgment for injunctive relief are, therefore, moot.

This court under numerous and varying circumstances has, in conformity with well established principles, declined to decide issues where its judgment could not be made effective. (*Dickey Oil Co. v. Wakefield,* 153 Kan. 489, 111 P. 2d 1113, and cases therein cited.) In other words, when a judgment is merely on an abstract question of law or fact and the authority of the court cannot be vindicated by the enforcement of process a judgment is a useless thing. Under such circumstances courts simply withhold their judgment. See *State, ex rel. v. Smith,* 140 Kan. 461, 36 P. 2d 956.) The rule has been applied not only in cases pertaining to private controversies but in actions involving the public interest where no *actual controversy* remained and where a judgment could not amount to a judicial decision. (*Ellis v. Landis,* 118 Kan. 502, 235 Pac. 851.)

The only manner in which a decision of this court on the moot subject of injunctive relief could now be of interest to the parties is the fact appellees posted a bond in order to obtain injunctive relief. The mere fact a bond is involved does not ordinarily justify a review of a moot issue. In *Geinger v. Krein,* 103 Kan. 176, 173 Pac. 298, it was held:

"The court will not consider the merits of an appeal from a judgment of forcible detention, rendered against a tenant claiming under a lease, after the lease has expired; and the fact that in the course of the litigation the

tenant has given bond not to commit waste and to pay double value of the use, and damages, does not give him a continuing right to a decision on the merits." (Syl.)

To the same effect see, also, *Dickey Oil Co. v. Wakefield*, supra, p. 493.

The fact the trial court under the expanded issues granted some relief in addition to a temporary injunction does not change the fact that the question pertaining to the separate subject of injunctive relief has become moot. The only matter possibly before us now is the relief granted by ordering a sale of personal property of the club members, an accounting and distribution of the net proceeds in accordance with respective interests of the members.

Appellants argue the reply in which appellees sought the latter mentioned relief constituted a departure from the injunctive relief sought in their petition. It is apparent from the pleading and evidence that feelings engendered among members of the club were such that a continuation of their joint venture was at an end. We also observe appellants' answer alleged they and appellees had purchased the club equipment together. Appellants' answer further disclosed they had taken it upon themselves to make an accounting and distribution of the financial interests of club members as they thought proper. Appellants' answer also alleged they were individually the owners of the hunting lease on the land. Appellees contended the lease was acquired and held by appellants in trust for all its members. Appellants' answer clearly indicates they sought to preclude appellees from exercising any rights or privileges in the club.

The original action and the expanded issues were equitable in character. The court had jurisdiction of the subject matter and the parties. The equitable powers of chancery courts have been greatly expanded. They have power and authority to make a full and final adjudication of all matters properly before them when necessary for a complete and final adjudication. They are not compelled to leave such matters for separate and future litigation. (19 Am. Jur., Equity, §§ 127, 128, 129.)

Moreover, we think appellants are not now in a position to complain of a departure, if the reply in fact constituted a departure, in the light of allegations of their answer. A search of the record before us discloses no motion to strike the reply on that ground or a complaint concerning a consideration of the expanded issues in the course of the trial. As previously indicated the hunting season in-

volved was over and it was clear the parties would not continue in the joint undertaking. At the conclusion of the trial the court indicated its intention to wind up the affairs of the club. We find no objection to the suggested procedure or any error in the judgment rendered. It would rather appear all parties acquiesced in the theory the affairs of the joint venture should be terminated and fully settled. Under such circumstances the parties have no right to complain on appeal. (*Gelphman v. Gelphman*, 142 Kan. 582, 50 P. 2d 933.)

It follows the only part of the decree subject to review must be affirmed. It is so ordered.