No. 38,741

BEVERLY ANDEEL, et al., *Appellants,* v. PAUL H. WOODS, et al., *Appellees.*

(258 P. 2d 285)

Opinion filed June 6, 1953.

*William Porter* and *Payne H. Ratner*, both of Wichita, argued the cause, and *John Madden, Jr., Ora D. McClellan, J. Wirth Sargent, P. K. Smith, Pat Warnick* and *Roy Wasson*, all of Wichita, were with them on the briefs for the appellants.

*John F. Eberhardt*, of Wichita, argued the cause, and *Garner E. Shriver* and *George B. Powers*, both of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL J.: This was an injunction action. Defendants prevailed and plaintiffs have appealed.

High-school girls members of Tally Hostess Chapter of the Sub-Deb Club who attended Wichita High School East, and their parents, instituted an action to enjoin the board of education of the city of Wichita, the superintendent and principal of the school, from enforcing a resolution passed by the board on September 10, 1951. The resolution, omitting the preliminary parts thereof, reads:

"BE IT .THEREFORE RESOLVED that the school administrators be instructed to deny all members, active or inactive, alumni or pledges, or in any degree affiliated with the Tally Ho, Tally Hostess Sub-Debs or other similar organizations, participation in any extra-curricular school activities."

Before considering the appeal on its merits we are confronted with appellees' motion to dismiss the appeal on the ground the purpose of the appeal is to obtain a judgment which will enjoin appellees from enforcing this particular resolution in the future. They contend the appeal is moot. We are reminded an injunction is not an appropriate action to obtain relief for past or completed acts but operates only *in futuro* to prevent later acts, citing 28 Am. Jur., Injunctions, §§ 5, 7; *Frizell v. Bindley*, 144 Kan. 84, 94, 58 P. 2d 95. Appellees assert it could serve no useful or practical purpose for this court to enjoin appellees from enforcing the particular resolution here involved for the reason it has been superseded by a subsequent resolution regularly adopted by the board on October 6, 1952, almost a year after the instant judgment was rendered; that present and future action of the board is now and will be based, first, on the last resolution and, second, also on additional facts which have developed since the instant action was tried.

Appellees also direct attention to the fact all students involved are seniors who will be graduated on June 1, 1953; that no substantial benefits can be gained by a continuance of this proceeding which the passage of time has rendered substantially, if not entirely,

unavailable to them insofar as participation in extracurricular activities is concerned.

In support of appellees' contention the issues posed by appellants have become academic and moot, they cite *State, ex rel., v. Insurance Co.,* 88 Kan. 9, 127 Pac. 761; *Anderson v. Cloud County,* 90 Kan. 15, 132 Pac. 996; *Scott v. Glenwood Township,* 105 Kan. 603, 185 Pac. 731; *True v. McCoy,* 119 Kan. 824, 241 Pac. 249.

Many other injunction cases are to the same effect. Some of them are: *Meyn v. Kansas City,* 91 Kan. 29, 30, 136 Pac. 898; *Shoe Co. v. Dawson,* 94 Kan. 668, 146 Pac. 996; *Ellis v. Landis,* 118 Kan. 502, 235 Pac. 851; *Ash v. Gibson,* 146 Kan. 756, 74 P. 2d 136; *Dickey Oil Co. v. Wakefield,* 153 Kan. 489, 111 P. 2d 1113; *Row v. Artz,* 168 Kan. 71, 211 P. 2d 66; *Diehn v. Penner,* 169 Kan. 63, 64-65, 216 P. 2d 815.

Injunctive relief, absent an express statute, is not demandable as a matter of strict right. It is addressed to the sound discretion of the court's equitable jurisdiction. (*True v. McCoy,* supra.) It is true the fact an act sought to be enjoined has been largely completed is often considered in denying injunctive relief. (*True v. McCoy,* supra.) However, although these students had only a short time to remain in school after the case was presented to this court and although that is a factor which may be considered in denying injunctive relief we are not inclined to place undue weight on that fact alone. It is possible that absent the resolution the students might have been chosen even at that late date in the school year to participate in some extracurricular activities.

Appellants do not controvert the facts on which the motion to dismiss the appeal is based. They have filed no brief in opposition to such motion but their counsel was commendably frank in oral argument. It was stated the question involved was one of public interest and should be decided. This court is not unsympathetic with appellants' desire. It, however, must be remembered the fact a question is one in which many people other than the parties to the litigation may have an abstract interest does not prevent an issue from becoming moot.

The rule that this court will not on appellate review decide a moot question in a situation where it cannot make its judgment effective has been applied not only in cases pertaining to private controversies but in those actually involving the public interest. (*Ellis v. Landis,* supra; *Row v. Artz,* supra, p. 72.)

In the Diehn case, *supra,* we said:

"This court is committed to the rule that it will not consider and decide a question raised on appeal where it clearly appears that between the trial of an action and the submission of such question there has been a change of circumstances which would make any judgment it might render with respect thereto of no consequence to the particular issue litigated in the court below. [citations]." (p. 64.)

In the Row case, *supra*, the rule was stated as follows:

"This court under numerous and varying circumstances has, in conformity with well established principles, declined to decide issues where its judgment could not be made effective. (*Dickey Oil Co. v. Wakefield*, 153 Kan. 489, 111 P. 2d 1113, and cases therein cited.) In other words, when a judgment is merely on an abstract question of law or fact and the authority of the court cannot be vindicated by the enforcement of process a judgment is a useless thing. *Under such circumstances courts simply withhold their judgment.*" (Our italics.) (p. 72.)

In the Dickey Oil Co. case, *supra*, we held:

"When it clearly appears by reason of changed circumstances between the trial of an action and its review in this court that any judgment this court renders would be unavailing as to the particular issue litigated, this court ordinarily will not consider and decide the mooted issue, whether one of law or fact.

"If the judgment of this court were of such a character as to constitute an adjudication of any of plaintiff's rights, other than with respect to the injunction sought, the appeal might be determined upon its merits on that account, but the case will not be reviewed on its merits *where only injunctive relief was sought and the need for that relief has ceased to be a justiciable issue.*" (Syl. ¶¶ 1, 2.)

The same distinction is made in the Meyn case, *supra*, p. 30, and in the Diehn case, *supra*, p. 65, as to cases where only injunctive relief, as here, was sought. The rule that when any legal question becomes moot, judicial action ceases, has been applied in many cases including *quo warranto*. (*State, ex rel., v. State Highway Comm.*, 163 Kan. 187, 182 P. 2d 127; *State, ex rel., v. Board of County Comm'rs*, 172 Kan. 601, 242 P. 2d 527.) And, of course, where an action has become moot courts will in no event consider constitutional questions. (*State, ex rel., v. State Highway Commission*, supra.) In the earlier case of *True v. McCoy*, supra, we said:

"The court is impressed with part of appellees' argument in support of the motion to dismiss. The situation here presented is not readily distinguishable from that presented in precedent cases cited by appellees, which declare the self-evident proposition that wrongs already committed, or acts done whether lawful or unlawful, cannot be corrected or prevented by injunction. (*City of Alma v. Loehr*, 42 Kan. 368, 22 Pac. 424; *Knight v. Hirbour*, 64 Kan. 563, 67 Pac. 1104.) It is a rule of practice that this court will not consider and decide questions when it appears that any judgment it might enter would be unavailing. [citations]." (p. 827.)

See, also, cases holding this court will not render judgments it cannot make effective by reason of new legislation on the subject involved. (*Shoe Co. v. Dawson*, p. 669; *Ash v. Gibson*, involving an ordinance of the city of Ottawa; *State, ex rel., v. Board of County Comm'rs*, p. 607; *omnia supra.*)

The board of education is a legislative body within its proper scope and functions. Whether it had jurisdiction and power to adopt a, or the particular, superseding resolution and, if so, whether it or its officers are acting in good faith or arbitrarily in the enforcement thereof are matters not now raised or justiciable. They may be determined only in a new action instituted for that purpose in which not only the new resolution but pertinent facts must be considered in determining whether injunctive relief should be granted. Our first concern now is whether the instant appeal is moot. We think it is.

The opinion might well be concluded at this point. The fact the appeal is moot, however, becomes additionally clear as we consider appellants' vigorously argued motion for a new trial in which they assign numerous trial errors. All of them have been carefully examined. Assuming each and all assignments of error were meritorious the granting of a new trial *in this particular case* would be a futility. And that would be true if this court had granted a new trial on April 10, 1953, the day the case was orally argued and although the appellant students remained in school indefinitely. The reason *is* obvious. There can be no new trial for injunctive relief in this particular case. In the first place, as already indicated, another trial for injunctive relief could not be based on the old resolution. The second and equally important fact is another trial could not be limited to evidence adduced or which might have been available at the time of the first trial. Any new action of necessity would be based solely on the presently operative resolution and on all facts which may have transpired prior to the rendition of a new judgment. It obviously would be a meaningless gesture to grant a new trial in the instant case when there cannot be such a trial.

Under all the circumstances stated we are obliged to withhold our judgment on the question of injunctive relief. In the event a new action is filed to enjoin the enforcement of the new resolution the former judgment is not to be interpreted as being *res adjudicata*.

The appeal is dismissed.